BREMER WHYTE BROWN & O'MEARA LLP
Keith G. Bremer, State Bar No. 155920
kbremer@bremerwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerwhyte.com
Olivia Zorayan, State Bar No. 352064
ozorayan@bremerwhyte.com
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone:  (949) 221-1000
Facsimile:   (949) 221-1001

Attorneys for Plaintiff,
LOST INTERNATIONAL, LLC, a California
limited liability company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOST INTERNATIONAL, LLC, a California Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> STEFANI JOANNE ANGELINA GERMANOTTA aka LADY GAGA, an individual; and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **1. TRADEMARK INFRINGEMENT—15 U.S.C § 1114** <br> **2. COMMON LAW TRADEMARK INFRINGEMENT** <br> **3. FALSE DESIGNATION OF ORIGIN - 15 U.S.C § 1125(a)** <br> **4. FALSE ADVERTISING - 15 U.S.C § 1125(a)** <br> **5. FALSE ADVERTISING UNDER CAL. BUS. PROF. CODE § 17500** <br> **6. TRADEMARK DILUTION - 15 U.S.C § 1125(c)** <br> **7. TRADEMARK DILUTION - CAL. BUS. PROF. CODE § 14247** <br> **8. UNFAIR BUSINESS PRACTICES - CAL. BUS. PROF. CODE § 17200** <br> **9. COMMON LAW UNFAIR COMPETITION** |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

1    Plaintiff LOST INTERNATIONAL, LLC ("Lost"), in support of its Complaint

2  against Defendants STEFANI JOANNE ANGELINA GERMANOTTA aka LADY

3  GAGA ("Lady Gaga") and DOES 1-100, hereby alleges as follows:

4    **INTRODUCTION**

5    1.    This lawsuit arises from the blatant disregard by Lady Gaga and DOES

6  1-100 of Lost's rights to the mark "Mayhem."  Hereinafter, "the Mark" will refer to

7  the name "Mayhem."

8    2.    Lost is a well-known surf and lifestyle brand established in 1985, that

9  has been using the Mark since 1988 in connection with surfboards, surf equipment,

10  clothing, accessories, and surf videos.  Mayhem is the nickname of Matt Biolos, one

11  of the co-founders of Lost.

12    3.    Lady Gaga is a musician, artist, songwriter, and actress.  On March 7,

13  2025 Lady Gaga released a music album named "Mayhem."  Lady Gaga has also

14  announced a worldwide concert tour under the "Mayhem" name as well.  At some

15  point prior to the release of the music album, Lady Gaga and DOES 1-100 began

16  selling t-shirts and other items of clothing with the Mark prominently displayed on it,

17  with a nearly identical design as used by Lost on its own products.

18    4.    Defendants' infringement of Lost's Mark and other unlawful conduct as

19  detailed herein has caused, and continues to cause Lost grave and irreparable

20  damages.  The Court must grant Lost all remedies that it seeks, including without

21  limitation, preliminary and permanent injunctive relief.

22    **PARTIES**

23    5.    Lost is a California Limited Liability Company with its principal place

24  of business in San Clemente, California.

25    6.    Lost is informed and believes and thereon alleges that Lady Gaga is an

26  individual residing in and doing business in Los Angeles County, California.

27  / / /

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

2

7.     Lost is informed and believes and thereon alleges that Lady Gaga directly committed the infringement described herein or, alternatively, that she directly controlled the infringing conduct described herein, intentionally induced it or failed to prevent it, and, as such, that she is liable for the infringement.

8.     Lost currently does not know and is blamelessly unaware of the true names and capacities of the defendants sued as Does 1 through 100, inclusive, and therefore sues these defendants by fictitious names.  Lost will amend this Complaint to add the true names and capacities of these defendants when they are ascertained. Each of the fictitious named Doe defendants is responsible in some manner for the events and happenings alleged in this Complaint and for Lost's damages.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over the claims pursuant to the Lanham Act (15 U.S.C. §§ 1121, & 1125, et seq.) and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) & (b), and as the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution and federal law, and arise out of common facts, transactions, or occurrences, as provided under Fed. R. Civ. P. 13 and 20.  The Court also has supplemental jurisdiction over the related claims arising under California law, pursuant to 28 U.S.C. § 1367 (b) and (c).

10.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and Lady Gaga's residence and principal place of business are located in this district.  Defendants have also engaged in continuous acts of trademark infringement and unfair competition within the State of California, including within this district, and have caused injury to Lost in this district as a result of such conduct.

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

3

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION
## AND FACTUAL BACKGROUND

11.    Lost is a well-known surf and lifestyle brand that was established in 1985 and sells a variety of surf apparel and accessories, including board shorts, tees, woven shirts, headwear, and more.  Lost began using the Mark in 1986, and in January 1992 in interstate commerce.  Since then, Lost has used the Mark in connection with surfboards, surf equipment, clothing, accessories, and surf videos, in over 30 countries worldwide.

12.    Lost is also the owner of the registered trademark "Mayhem."  The Mark was registered in the United States on August 11, 2015, registration number 4790623.  The Registered Mark is in international class no. 25: "Beanies; Caps; Jackets; Pants; Sandals; Shorts; T-shirts; Tank tops."  A copy of the registration certificate is attached hereto as Exhibit A.  The Mark was also registered by Lost in Japan on June 4, 1999, registration number 4279826.

13.    Lost sells clothing and accessories with the Mark, often as a stylized form as depicted below (the "Stylized Mark"):



/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

14.  Examples of Lost's products featuring the Mark and the Stylized Mark are below:





BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

15.    Lady Gaga has unilaterally, and without Lost's permission or knowledge, attempted to misappropriate the "Mayhem" name, trademark, and stylized mark by releasing an album entitled "Mayhem," launching a tour with that same name, and selling clothing and accessories with that name.

16.    The following are examples of Lady Gaga's clothing on the left, with Lost's on the right:

 

17.    The following are the logos isolated, with Lady Gaga's on the left, with Lost's on the right:

 

18.    The Mark, Mayhem, is identical on both Lady Gaga's merchandise and Lost's. The Mark in stylized form on Lady Gaga's merchandise is substantially similar if not nearly identical to the Stylized Mark on Lost's merchandise.

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

19.      Despite a notice from Lost's counsel, Lady Gaga has failed and refused, and continues to fail and refuse to cease her willful and blatant infringing on the Registered Mark and thus she must immediately be enjoined from this behavior.

20.      Defendants' acts and omissions are knowingly and willfully directed at promoting a falsehood that by design is intended to implant a false understanding among consumers, marketers, advertisers, and others that Defendants, rather than Lost, created and own the Mark and the Stylized Mark.  The foregoing is increasing Lost's damages by, among other things, diluting the Mark, diverting revenue from Lost to Defendants, and depriving Lost of the ability to manage and control its brand.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## Trademark Infringement

## Under Section 32(1) of the Lanham Act, 15 U.S.C. 1114

21.      Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 20 of this Complaint, above as though fully set forth herein.

22.      Lost has sold beanies, caps, jackets, pants, sandals, shorts, t-shirts, tank tops, which included the Mark, in commerce in the United States since 1988 and has used the Mark continuously since that time.

23.      Lost is the owner of the registered Mark, federal registration number 4790623, which was issued on August 11, 2015 on the principal register of the United States Patent and Trademark Office.

24.      The registration for the Mark covers "Beanies; Caps; Jackets; Pants; Sandals; Shorts; T-shirts; Tank tops."

25.      Lost's right to us this trademark has become incontestable under the provisions of 15 U.S.C. § 1065, through the filing on August 3, 2021 of a Declaration of Incontestability.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067  4927-0181-2779.5

26.     Lost has invested substantial time, effort, and financial resources
promoting the Mark in connection with the marketing and sale of its goods in
interstate commerce.

27.     Lost's Mark has become, through widespread and favorable public
acceptance and recognition, an asset of substantial value as a symbol of Lost, its
quality products, and its goodwill.  The consuming public recognizes Lost's Mark
and associates it with Lost.

28.     Lost's Mark is inherently distinctive as applied to Lost's goods that bear
the mark.

29.     Notwithstanding Lost's established rights in the Mark and Stylized
Mark, upon information and belief, Lady Gaga adopted and used the Mark and a
stylized version of the Mark substantially similar to the Stylized Mark in interstate
commerce in connection with the sale and offering for sale of t-shirts, sweatshirts,
and other merchandise related to the promotion of her album and tour titled
"Mayhem."

30.     Lady Gaga has advertised her goods under the infringing trademark on
social media and the internet.

31.     Without Lost's consent, Lady Gaga used and continues to use the
infringing mark and logo in connection with the sale, offering for sale, distribution or
advertising of its goods.

32.     Lady Gaga has engaged in its infringing activity despite having
constructive notice of Lost's federal registration rights under 15 U.S.C. § 1072 and,
upon information and belief, despite having actual knowledge of Lost's use of the
Mark and Stylized Mark.

33.     Lady Gaga's actions are likely to mislead the public into concluding that
her goods originate with or are authorized by Lost, which will damage both Lost and
the public.  Lost has no control over the quality of goods sold by Lady Gaga and

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

because of the source of confusion caused by Lady Gaga, Lost has lost control over its valuable goodwill.

34.    Upon information and belief, Lady Gaga has advertised and offered its goods for sale using her mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Lost's reputation and goodwill.  Lady Gaga's use of the Mark constitutes willful, deliberate, and intentional trademark infringement.

35.    Lost has requested in writing that Lady Gaga cease and desist from its infringing actions, but Lady Gaga has failed to comply with them.

36.    Lady Gaga's unauthorized use of the Mark and a logo substantially similar to the Stylized Mark in interstate commerce constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

37.    As a direct and proximate result of Lady Gaga's trademark infringement, Lost has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Lady Gaga has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

38.    Lady Gaga's acts of infringement will cause further irreparable injury to Lost if Lady Gaga is not restrained by this Court from further violation of Lost's rights.  Lost has no adequate remedy at law.

39.    Lady Gaga's wrongful use of the Mark is knowing, deliberate, willful, fraudulent, and without extenuating circumstances.  Lost is therefore entitled to recover its damages, defendants' profits, and Lost's attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117(a).

/ / /

/ / /

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

## SECOND CAUSE OF ACTION

## Common Law Trademark Infringement

40.   Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 39 of this Complaint, above as though fully set forth herein.

41.   Lady Gaga is and has been using the Mark in commerce in connection with the sale of merchandise associated with her album, tour, and clothing in advertising and promotion to the public.

42.   Lady Gaga never sought nor received Lost's authorization to use its Mark in connection with the sale of merchandise associated with her album, tour, and clothing.

43.   Lady Gaga's use of the Mark is confusingly similar to Lost's Mark and is likely to cause and/or has actually caused confusion in the marketplace by creating false and mistaken impression that Lady Gaga's album, tour, and clothing are affiliated, connected or associated with Lost, or that they originate with, or are sponsored or approved by Lost.

44.   Lady Gaga's purpose in using the Mark was and is to deceive, mislead and confuse customers and the public into believing that Lady Gaga's merchandise, album or tour are affiliated, connected or associated with Lost, or that they originate with, or are sponsored or approved by Lost.

45.   Lady Gaga's use of the confusingly similar Mark violates the common law of the State of California.

46.   Lady Gaga's use of the Mark has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Lost in the diminution of their value and goodwill as trademarks, and in their impairment to serve as a trademarks, for which Lost has no adequate legal remedy.  Accordingly, Lost is entitled to

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

1 | provisional, preliminary and permanent injunctive relief to compel cessation of all

2 | infringing and otherwise harmful conduct.

3 |     47.    As a direct and proximate result of Lady Gaga's wrongful conduct, Lost

4 | has been and will continue to be damaged by, without limitation, loss of profit, and

5 | diminution in the value of the Mark and in its reputation and goodwill, in an amount

6 | to be proven at trial.

7 | **THIRD CAUSE OF ACTION**

8 | **False Designation of Origin Under 15 U.S.C § 1125(a)**

9 |     48.    Lost hereby incorporates by this reference each and every allegation set

10 | forth in Paragraphs 1 through 47 of this Complaint, above as though fully set forth

11 | herein.

12 |     49.    Lady Gaga has engaged in the use of the Mark so similar to that of

13 | Lost's on her album, tour, and clothing as to be likely to cause confusion, to cause

14 | mistake, or to deceive.

15 |     50.    Lost's Mark is valid and legally protectable.

16 |     51.    Lost, and no other person or organization, owns the Mark.

17 |     52.    Lost was the first to adopt the Mark and use it in commerce with respect

18 | to International Class 25.

19 |     53.    Lost has used the Mark continuously in commerce since its adoption in

20 | 1988.

21 |     54.    The Mark is inherently distinctive, in that is an arbitrary mark whose

22 | words bear no relation to the product of service that Lost offers in connection with

23 | the Mark's use in commerce.

24 |     55.    The consuming public interprets the Mark to be (a) an identification of

25 | the products that Lost offers in connection with the Mark's use in commerce and (b)

26 | a representation of the origin of those products or services.

27 | / / /

28 |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067  4927-0181-2779.5

56.    Lost is engaged in extensive advertising that links the Mark and Lost, the provider of the goods advertised under the Mark.

57.    Specifically, "Mayhem" and its related trade dress have been advertised to the public as a clothing and accessory logo by Lost.

58.    Lady Gaga's use of "Mayhem" and/or the infringing and identical mark used on her merchandise and album/tour advertisement is likely to create confusion concerning the origin of the goods that Lost provides under the Mark.

59.    Consumers viewing or becoming aware of the Mark will likely assume that the products that it represents is associated with the source of a difference product identified by a similar mark, namely, Lost's Mark "Mayhem."

60.    Lost's Mark is a strong mark, as the consuming public recognizes is and associates it with the products provided by Lost under the Mark.

61.    Lady Gaga intends to use, or has already used, the Mark in connection with the same, related, or complementary goods and products as the products provided by Lost under the Mark.

62.    Lost's Mark and the Mark as used by Lady Gaga are exactly similar in appearance, sounds and meaning and the overall impression created in the marketplace by the two marks are similar or identical.

63.    Use of the Mark by Lady Gaga has led to instances of actual confusion in the marketplace among or by members of the consuming public.

64.    Lady Gaga, in badly appropriating the name and identifiable script/logo "Mayhem" to identify similar products, even though Lady Gaga is well aware Lost owns the Mark, knowingly intends to derive benefit from the reputation of Lost's Mark and further knowingly intend to cause of a likelihood of confusion.

65.    Lost's and Lady Gaga's products have been and are likely to be marketed in the same or similar stores, channels, or outlets, and advertised in similar media.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

66.     Lost's consumers and consumers, as members of the general public who respond to advertising materials, are not likely to have sufficient means to discern difference between Lost's Mark and the Mark as used by Lady Gaga.

67.     Lady Gaga has infringed upon Lost's Mark using the Internet by using similar or identical marks, the products offered under the competing marks are strongly related and/or functionally identical, and Lost and Lady Gaga are engaged in the simultaneous use of the Internet as a marketing channel to promote their marks.

68.     There is substantial likelihood of confusion between Lost's Mark and the Mark as used by Lady Gaga.

69.     Lady Gaga's conduct constitutes willful trademark infringement and unfair competition under Section 43(a) of the Lanham Act, U.S.C. § 1125(a).

70.     Lost has suffered actual damages as a result of Lady Gaga's willful trademark infringement and unfair competition in an amount to be proven at trial. Additionally, the harm to Lost arising out of Lady Gaga's acts is not fully compensable by money damages and Lost has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless Lady Gaga's conduct is restrained and permanently enjoined.

71.     Lady Gaga's conduct as described above was willful and intentional. As a result, Lost is further entitled to enhanced damages and an award of costs and attorney fees under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). In addition, Lost is entitled to recover Lady Gaga's profits and reasonable royalties as damages.

## **FOURTH CAUSE OF ACTION**

## **False Advertising Under 15 U.S.C. § 1125(a)**

72.     Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 71 of this Complaint, above as though fully set forth herein.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067  4927-0181-2779.5

73.    Lady Gaga has used the Mark in the commercial advertising or promotion of her album, tour, and clothing, including but not limited to their advertising and promotions online and on social media, such as Facebook, X, and Instagram.  Said use is a false statement of fact as to the nature, characteristic, and qualities of Lady Gaga's album, tour, and clothing and related services in that it conveys the false message to consumers that the album, tour, and clothing and related services are operated by, affiliated with, or associated with, or sponsored by Lost.

74.    Lady Gaga's representations are commercial advertising in that they are speech related solely to the economic interests of Lady Gaga and their audience, by Lady Gaga who is in commercial competition with Lost within the clothing industry.

75.    Lady Gaga's false statements implicating Lost involvement with Lady Gaga's album, tour, and clothing and related services are likely to deceive and/or have actually deceived a substantial segment of its audience.

76.    Lady Gaga knew or should have known that her statements were false or likely to mislead consumers.  Lady Gaga's deception is material, in that it is likely to influence its customers' decision to purchase Lady Gaga's album, tour, and clothing and related services.

77.    Lady Gaga caused her false statements to enter interstate commerce in various ways, including through online advertising and promotion on her social media and, without limitation, those of their contractors, employees, or agents.

78.    Lady Gaga directly compete with Lost in connection with the marketing of clothing and related services.

79.    As a direct and proximate result of Lady Gaga's wrongful conduct, Lost has been and will continue to be damaged by, without limitation, loss of profit, and diminution in the value of the Mark and in its reputation and goodwill, in an amount

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

14

1  to be proven at trial and is entitled to the remedies provided for in 15 U.S.C. § 1116

2  et seq.

3      80.    Lady Gaga's wrongful use of the Mark is knowing, deliberate, willful,

4  fraudulent, and without extenuating circumstances.  Lost is therefore entitled to

5  recover its damages, defendants' profits, and Lost's attorneys' fees and costs of this

6  action pursuant to 15 U.S.C. § 1117(a).

7                          **FIFTH CAUSE OF ACTION**

8  **False Advertising Under California Bus. & Prof. Code § 17500 ET SEQ.**

9      81.    Lost hereby incorporates by this reference each and every allegation set

10  forth in Paragraphs 1 through 80 of this Complaint, above as though fully set forth

11  herein.

12      82.    Lady Gaga has used the Mark in the commercial advertising or

13  promotion of her album, tour and sale of merchandise associated with the same,

14  including but not limited to her advertising and promotions online and on social

15  media, such as Facebook, X, and Instagram.

16      83.    Said use is an untrue and/or misleading statement of fact as to the

17  nature, characteristic, and qualities of Lady Gaga's use of the Mark in that it conveys

18  the false message to consumers that her merchandise, album and tour are operated

19  by, affiliated with, or associated with, or sponsored by Lost.

20      84.    Lady Gaga knows that she does not own the Mark and the Stylized

21  Mark.  Not only has Lady Gaga not been assigned or authorized to use such

22  trademarks, but Lost has notified her that her use is improper.

23      85.    The acts of untrue and misleading advertising by Lady Gaga described

24  herein present a continuing threat to members of the public by creating the false and

25  mistaken impression that Lady Gaga's merchandise, album and tour, are affiliated,

26  connected or associated with Lost, or that they originate with, or are sponsored or

27  / / /

28

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

15

3430.067  4927-0181-2779.5

approved by Lost for which members of the public have no other adequate remedy of law.

86.     As a direct and proximate result of Lady Gaga's false advertising, Lost has been and will continue to be damaged by, without limitation, loss of profit, and diminution in the value of the Mark and in its reputation and goodwill, in an amount to be proven at trial.  If not enjoined, Lady Gaga's false advertising will continue to cause irreparable and continuing harm to Lost, for which it has no adequate legal remedy.

**SIXTH CAUSE OF ACTION**

**Trademark Dilution Under 15 U.S.C. § 1125(c)**

87.     Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 86 of this Complaint, above as though fully set forth herein.

88.     The Mark is famous and distinctive in that it is widely recognized by the public as a designation by Lost as to the source of the goods or services recognized by the Mark.

89.     Lady Gaga's use of the Mark, and designations in connection with her album, tour, and clothing and in the advertising and promotion to the public of the same impairs the distinctiveness of the famous Mark and, as such, causes dilution and blurring.

90.     Lady Gaga's use of the Mark has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Lost in the diminution of its value and goodwill as a trademark, and in their impairment to serve as a trademark, for which Lost has no adequate legal remedy.  Accordingly, Lost is entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

91.   Lady Gaga's wrongful use of the Mark is knowing, deliberate, willful, fraudulent, and without extenuating circumstances.  Lost is therefore entitled to recover its damages, Lady Gaga's profits, and Lost's attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117(a).

## SEVENTH CAUSE OF ACTION

### Trademark Dilution Under Cal. Bus. & Prof. Code § 14247

92.   Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 91 of this Complaint, above as though fully set forth herein.

93.   The Mark is famous and distinctive in that it is widely recognized by the public of this state as a designation of Lost as the source of the goods or services represented by the Mark.

94.   Lady Gaga began using the Mark without authorization from Lost after the Mark had become famous.

95.   Lady Gaga's use of the Mark, and designations in connection with her album, tour, and clothing, and in the advertising and promotion to the public of the same impairs the distinctiveness of the famous Mark and, as such, causes dilution and blurring.

96.   Lady Gaga's unauthorized use of the Mark has caused, and if not enjoined, will continue to cause irreparable and continuing harm to Lost, for which it has no adequate legal remedy.

97.   Lady Gaga's dilution of the Mark was willful, as evidenced by her continuing use of the Mark after being advised of Lost's exclusive trademark rights, entitling Lost to an award of up to three time Lady Gaga's profits from, and up to three times all damages suffered by reason of Lady Gaga's wrongful use of the Mark, pursuant to Section 14250 of the California Business and Professions Code.

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

## EIGHTH CAUSE OF ACTION

## Unfair Business Practices Under California Bus. & Prof. Code § 17200

98.    Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 97 of this Complaint, above as though fully set forth herein.

99.    Lady Gaga's conduct as alleged herein constitutes unlawful, unfair, or fraudulent business acts or practices within the meaning of California Business and Professions Code Section 17200.

100.    Lady Gaga's wrongful conduct has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Lost for which Lost has no adequate legal remedy.

## NINTH CAUSE OF ACTION

## Common Law Unfair Competition

101.    Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 100 of this Complaint, above as though fully set forth herein.

102.    Lady Gaga's use of the Mark and designations are identical in meaning to the Mark as used by Lost, and has the effect of passing off Lady Gaga's album, tour, and clothing, and related services as being produced or authorized by Lost.

103.    Lady Gaga's misconduct constitutes unfair competition in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and injurious to consumers.

104.    As a direct and proximate result of Lady Gaga's wrongful conduct, Lost has been and will continue to be damaged by, without limitation, loss of profit, and diminution in the value of the Mark and in its reputation and goodwill, in an amount to be proven at trial.

/ / /

18

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

105.   The acts of unfair competition alleged herein are committed with oppression, fraud, and malice.  Specifically, Lady Gaga used the Mark with knowledge that Lost owns the exclusive right to such use.  Lady Gaga's continuing use of the Mark was unauthorized and caused consumer confusion, resulting in continuing injury to Lost.

106.   Lost requests the imposition of exemplary damages pursuant to California Civil Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, Lost asks the Court for the judgment and relief for Lost and against defendants, and each of them, as follows:

107.   That Lady Gaga infringed Lost's rights in violation of 15 U.S.C. § 1125(a);

108.   That Lady Gaga infringed Lost's rights in violation of the common law of the State of California;

109.   That Lady Gaga's conduct violates California Business and Professions Code Section 17500 et seq.;

110.   That Lady Gaga's conduct violates California Business and Professions Code Section 17200, et seq.;

111.   For an award of such damages as Lost has sustained in an amount proven at trial, no less than $100,000,000;

112.   For an accounting of Lady Gaga's proceeds as a result of her infringement of the Mark;

113.   For disgorgement of Lady Gaga's profits;

114.   For punitive or exemplary damages;

115.   For interest, including prejudgment and post-judgment interest, on the foregoing sums;

116.   For costs of the action incurred herein;

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067  4927-0181-2779.5

1    117.    For attorneys' fees;

2    118.    For a judicial declaration that Lost has rights in the Mark and any other

3    colorable imitations thereof in connection with clothing sold in commerce;

4    119.    For an injunction temporarily, preliminarily and permanently enjoining

5    the defendants, their employees, agents, officers, directors, attorneys, successors,

6    affiliates, subsidiaries, and assigns, and all of those in active concert and

7    participation with any of the foregoing persons and entities who receive actual notice

8    of the Court's order by personal service or otherwise from:

9        a.    selling, marketing, advertising, promoting, or authorizing any

10    third party to sell, market, advertise or promote any goods and/or services bearing the

11    Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar

12    variation, or colorable imitation of Lost's marks;

13        b.    engaging in any activity that infringes Lost's rights in its marks;

14        c.    engaging in any activity constituting unfair competition with

15    Lost;

16        d.    engaging in any activity that is likely to dilute the distinctiveness

17    of Lost's marks;

18        e.    making or displaying any statement, representation, or depiction

19    that is likely to lead the public or the trade to believe that (i) Lady Gaga's goods

20    and/or services are in any manner approved, endorsed, licensed, sponsored,

21    authorized, or franchised by or associated, affiliated, or otherwise connected with

22    Lost or (ii) Lost's goods and/or services are in any manner approved, endorsed,

23    licensed, sponsored, authorized, or franchised by or associated, affiliated, or

24    otherwise connected with defendants;

25        f.    using or authorizing any third party to use in connection with any

26    business, goods or services any false description, false representation, or false

27    / / /

28

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

20

g.    designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Lost or tend to do so;

h.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Mark or any other mark that infringes or is likely to be confused with Lost's marks, or any goods or services of Lost, or Lost as their source; and

i.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

120.   Directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of any and all federal registrations for the Mark or any mark consisting of, incorporating, or containing Lost's marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof owned or controlled by defendants.

121.   Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), defendants file with the Court and serve upon Lost's counsel within thirty (30) days after service on defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which defendant has complied therewith;

122.   For such additional and further relief as this court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

1

## **DEMAND FOR JURY TRIAL**

2      123.   Pursuant to Fed. R. Civ. Proc. 38, Lost demands a trial by jury on all

3   claims and issues triable to a jury in this action.

4   Dated:  March 25, 2025

5                                        BREMER WHYTE BROWN & O'MEARA
                                         LLP

6

7                                        By: _____

8                                        Keith G. Bremer
                                         Benjamin Price
9                                        Olivia Zorayan
                                         Attorneys for Plaintiff
10                                       LOST INTERNATIONAL, LLC, a
                                         California limited liability company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067  4927-0181-2779.5

22

# EXHIBIT "A"

# EXHIBIT "A"



# United States of America

## United States Patent and Trademark Office

# MAYHEM

**Reg. No. 4,790,623**

**Registered Aug. 11, 2015**

LOST INTERNATIONAL, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
170 TECHNOLOGY DRIVE
IRVINE, CA 92618

**Int. Cl.: 25**

FOR: BEANIES; CAPS; JACKETS; PANTS; SANDALS; SHORTS; T-SHIRTS; TANK TOPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

**TRADEMARK**

FIRST USE 9-15-1988; IN COMMERCE 1-15-1992.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-520,340, FILED 1-30-2015.

DOMINIC J. FERRAIUOLO, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office