ORIN SNYDER, *pro hac vice*
    osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

HOWARD S. HOGAN, *pro hac vice*
    hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.887.3640
Facsimile: 202.530.9550

ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7354
Facsimile: 213.229.6354200 Park Avenue

*Attorneys for Defendant Stefani Joanne Angelina
Germanotta, A.K.A. Lady Gaga*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOST INTERNATIONAL, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>        v.<br><br>STEFANI JOANNE ANGELINA GERMANOTTA, A.K.A. LADY GAGA, and DOES 1 through 100, inclusive,<br><br>    Defendant. | CASE NO. 8:25-cv-00592-FMO-KES<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Stefani Joanne Angelina Germanotta, A.K.A. Lady Gaga ("Lady Gaga") hereby Answers the First Amended Complaint ("FAC") submitted by Plaintiff Lost International, LLC ("Lost"). Dkt. 14. Except as expressly admitted herein, Lady Gaga denies each and every allegation in Lost's FAC and denies that Lost is entitled to any relief.

## GENERAL DENIAL

Except as otherwise expressly admitted in this Answer, Lady Gaga denies each and every allegation contained in the FAC, including, without limitation, any allegations contained in the preamble, headings, or subheadings of the FAC, and specifically denies any liability to Lost. Pursuant to Federal Rule of Civil Procedure 8(b), moreover, allegations in the FAC to which no responsive pleading is required shall be deemed to be denied. Lady Gaga expressly reserves the right to seek to amend and/or supplement this Answer as may be necessary.[1]

## INTRODUCTION

1.     Lady Gaga admits that this action purports to arise from Lost's claimed rights in the mark "MAYHEM." The remainder of Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 1.

2.     Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies those allegations, except that Lady Gaga expressly denies that Lost is "a well-known . . . brand."

3.     Lady Gaga admits that she is a musician, songwriter, and actress; that she released an album titled *Mayhem* on March 7, 2025; that she announced a worldwide concert tour with a title including the word "mayhem"; and that she released merchandise associated with the album and tour on or about January 27, 2025. The remainder of Paragraph 3 states a legal conclusion to which no response is required. To

---

[1]  Answers to each paragraph of the FAC are made by Lady Gaga without waiving, but expressly reserving, all rights Lady Gaga may have to seek relief by appropriate motions directed to the allegations in the FAC.

ANSWER TO FIRST AMENDED COMPLAINT

Gibson, Dunn &
Crutcher LLP

the extent a response is required, Lady Gaga denies the remaining allegations in Paragraph 3.

4.      This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 4.

## PARTIES

5.      Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies those allegations.

6.      Lady Gaga admits that she maintains a residence and conducts business in the vicinity of Los Angeles, California.  Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies those allegations.

7.      This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 7.

8.      Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies those allegations.

## JURISDICTION AND VENUE

9.      Lady Gaga admits that Lost purports to bring this action under the Lanham Act.  The remainder of paragraph 9 states a legal conclusion to which no response is required.  To the extent a response is required, Lady Gaga admits that this Court has subject matter jurisdiction.

10.      Lady Gaga admits that she maintains a residence and conducts business in the vicinity of Los Angeles, California.  The remainder of paragraph 10 states a legal conclusion to which no response is required.  To the extent a response is required, Lady Gaga admits that venue is proper in this District but denies the remaining allegations in paragraph 10.

## **FACTUAL ALLEGATIONS**

11.    Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies those allegations, except that Lady Gaga expressly denies that Lost is "a well-known . . . brand."

12.    Lady Gaga admits that Lost is listed as the owner of Trademark Registration No. 4,790,623 issued by the United States Patent and Trademark Office ("PTO") for MAYHEM in connection with "Beanies; Caps; Jackets; Pants; Sandals; Shorts; T-shirts; Tank tops" in International Class 25.  Lady Gaga lacks knowledge or information sufficient to form a belief as to whether Lost has a factual basis to claim ownership over the mark depicted in Registration No. 4,790,623 and therefore denies the allegations in Paragraph 12 to the extent that it implies that Lost has a factual basis to claim ownership over the mark depicted in Registration No. 4,790,623.  Lady Gaga also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 concerning Lost's purported registration of a mark in Japan and therefore denies those allegations.  The remaining allegations in Paragraph 12 state legal conclusions to which no response is required.  To the extent a response is required, Lady Gaga denies the remaining allegations in Paragraph 12.

13.    Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies those allegations, except that Lady Gaga expressly denies that Lost has developed trademark rights in "a stylized form" or that Lost owns a "Stylized Mark."

14.    Paragraph 14 states a legal conclusion to which no response is required.  To the extent a response is required, Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies those allegations, except that Lady Gaga expressly denies that Lost owns a "Stylized Mark."

15.    Lady Gaga denies the allegations in Paragraph 15.

16.    Lady Gaga admits that she sells the orange sweatshirt pictured in Paragraph 16.  Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies those allegations.

17.    Lady Gaga admits that the stylized text depicted on the left in Paragraph 17 reflects the stylized text displayed on the orange sweatshirt depicted in Paragraph 16.  Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies those allegations, except that Lady Gaga expressly denies that the aesthetically stylized depictions of the word "Mayhem" depicted constitute "logos."

18.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Lady Gaga denies the allegations in Paragraph 18.

19.    Lady Gaga admits that on March 11, 2025, Lost demanded that she cease use of the word "mayhem."  The remaining allegations in Paragraph 19 state legal conclusions to which no response is required.  To the extent a response is required, Lady Gaga denies the allegations in Paragraph 19, and avers that the correspondence reflected in Exhibits I and J to Plaintiff's counsel's declaration (Dkt. 15-4 at 43–126) speaks for itself.

20.    Lady Gaga denies the allegations in Paragraph 20.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## Trademark Infringement

## Under Section 32 of the Lanham Act, 15 U.S.C. § 1114

21.    Lady Gaga repeats and realleges each and every response to Paragraphs 1 through 20 of the FAC as if fully set forth herein.

22.    Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies those allegations.

23.    Lady Gaga admits that Lost is listed as the owner of Trademark Registration No. 4,790,623 issued by the PTO for MAYHEM in connection with

"Beanies; Caps; Jackets; Pants; Sandals; Shorts; T-shirts; Tank tops" in International Class 25. Lady Gaga lacks knowledge or information sufficient to form a belief as to whether Lost has a factual basis to claim ownership over the mark depicted in Registration No. 4,790,623 and therefore denies the allegations in Paragraph 23 to the extent that it implies that Lost has a factual basis to claim ownership over the mark depicted in Registration No. 4,790,623.

24.    Lady Gaga admits that Lost is listed as the owner of Trademark Registration No. 4,790,623 issued by the PTO for MAYHEM in connection with "Beanies; Caps; Jackets; Pants; Sandals; Shorts; T-shirts; Tank tops" in International Class 25. Lady Gaga lacks knowledge or information sufficient to form a belief as to whether Lost has a factual basis to claim ownership over the mark depicted in Registration No. 4,790,623 and therefore denies the allegations in Paragraph 24 to the extent that it implies that Lost has a factual basis to claim ownership over a mark for "Beanies; Caps; Jackets; Pants; Sandals; Shorts; T-shirts; Tank tops."

25.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 25.

26.    Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies those allegations.

27.    Lady Gaga denies the allegations in Paragraph 27.

28.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 28.

29.    Lady Gaga admits that she sells t-shirts, sweatshirts, and other merchandise bearing the word "mayhem" in connection with her album titled *Mayhem* and her tour titled "The Mayhem Ball." The remaining allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, Lady Gaga denies the remaining allegations in Paragraph 29.

30.    Lady Gaga admits that she has advertised goods on social media and the internet. Lady Gaga denies that she has advertised using Lost's asserted mark. The

remaining allegations in Paragraph 30 state legal conclusions to which no response is required.  To the extent a response is required, Lady Gaga denies the remaining allegations in Paragraph 30.

31.    Lady Gaga denies that she has used or continues to use Lost's asserted mark or "logo" in connection with the sale, offering for sale, distribution, or advertising of her goods.

32.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 32.

33.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 33.

34.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 34.

35.    Lady Gaga admits that on March 11, 2025, Lost sent Lady Gaga a letter demanding that she cease and desist selling goods bearing the word "mayhem."  The remaining allegations in Paragraph 35 state legal conclusions to which no response is required.  To the extent a response is required, Lady Gaga denies the remaining allegations in Paragraph 35, and avers that the correspondence reflected in Exhibits I and J to Plaintiff's counsel's declaration (Dkt. 15-4 at 43–126) speaks for itself.

36.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 36.

37.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 37.

38.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 38.

39.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 39.

## SECOND CAUSE OF ACTION

## Common Law Trademark Infringement

40.     Lady Gaga repeats and realleges each and every response to Paragraphs 1 through 39 of the FAC as if fully set forth herein.

41.     Lady Gaga denies the allegations in Paragraph 41.

42.     Lady Gaga admits that she has not sought or received Lost's authorization to use its asserted mark, but denies that Lost has developed trademark rights in its asserted mark and that she uses Lost's asserted mark in connection with the sale of merchandize associated with her album, tour, and clothing.

43.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 43.

44.     Lady Gaga denies the allegations in Paragraph 44.

45.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 45.

46.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 46.

47.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 47.

## THIRD CAUSE OF ACTION

## False Designation of Origin Under 15 U.S.C. § 1125(a)

48.     Lady Gaga repeats and realleges each and every response to Paragraphs 1 through 47 of the FAC as if fully set forth herein.

49.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 49.

50.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 50.

51.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies those allegations.

52.    Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies those allegations.

53.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 53.

54.    Lady Gaga denies the allegations in Paragraph 54.

55.    Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies those allegations.

56.    Lady Gaga lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies those allegations.

57.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 57.

58.    Lady Gaga denies the allegations in Paragraph 58.

59.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 59.

60.    Lady Gaga denies the allegations in Paragraph 60.

61.    Lady Gaga denies the allegations in Paragraph 61.

62.    Lady Gaga denies the allegations in Paragraph 62.

63.    Lady Gaga denies the allegations in Paragraph 63.

64.    Lady Gaga denies the allegations in Paragraph 64.

65.    Lady Gaga denies the allegations in Paragraph 65.

66.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 66.

67.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 67.

68.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 68.

69.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 69.

70.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 70.

## FOURTH CAUSE OF ACTION

## Unfair Business Practices Under California Bus. & Prof. Code § 17200

71.    Lady Gaga repeats and realleges each and every response to Paragraphs 1 through 70 of the FAC as if fully set forth herein.

72.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 72.

73.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 73.

## FIFTH CAUSE OF ACTION

## Common Law Unfair Competition

74.    Lady Gaga repeats and realleges each and every response to Paragraphs 1 through 73 of the FAC as if fully set forth herein.

75.    Lady Gaga denies the allegations in Paragraph 75.

76.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 76.

77.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 77.

78.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Lady Gaga denies the allegations in Paragraph 78.

79.    Paragraph 79 is a statement of the relief requested by Plaintiff to which no response is required.  Lady Gaga denies that Lost is entitled to the requested relief.

## ANSWER TO PRAYER FOR RELIEF

Paragraphs 80–94 set forth the statement of relief requested by Plaintiff to which no response is required.  Lady Gaga denies that Lost is entitled to any of the requested

Gibson, Dunn &
Crutcher LLP

10

relief against her, denies any allegations contained in the Prayer for Relief to which a response is required, and requests that the Court dismiss the asserted causes of action against Lady Gaga with prejudice and order such further relief as the Court deems just and proper.

## JURY DEMAND

Lady Gaga demands a trial by jury to decide all issues triable in this case.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the facts alleged in the FAC or assuming any burden of proof, persuasion, or production not otherwise legally assigned to her as to any element of Lost's claims, Lady Gaga asserts the following affirmative and other defenses:

### FIRST DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lady Gaga has not infringed, does not infringe, and is not liable for infringement of any valid trademark registration or trademark rights asserted by Lost, including, without limitation, trademark rights in the word mark "MAYHEM" that are the subject of the asserted claims.

### SECOND DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, because the FAC fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, because there is no likelihood of confusion between Lost's goods and the goods at issue offered for sale by Lady Gaga.

FOURTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, by the Lanham Act's fair use defense.

FIFTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, because Lady Gaga acted in good faith and without intent to infringe upon Lost's trademark rights.

SIXTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, by the doctrine of estoppel.

SEVENTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, due to the doctrines of waiver, abandonment, and/or forfeiture.

EIGHTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, by the doctrines of acquiescence, ratification, and/or consent.

NINTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, by the doctrine of unclean hands.

TENTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a

Gibson, Dunn &
Crutcher LLP

12

Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, by the doctrine of trademark misuse.

ELEVENTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, by the First Amendment to the United States Constitution.

TWELFTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, because its uses of the word "mayhem" are not protectable under the doctrine of aesthetic functionality.

THIRTEENTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, because Lost has failed to allege, and has not suffered, any cognizable injury attributable, in whole or in part, to Lady Gaga.

FOURTEENTH DEFENSE

To the extent Lost has stated a claim on which relief may be granted, Lost has failed to mitigate any and all losses and/or damages claimed.

FIFTEENTH DEFENSE

Lost's claims for equitable relief, including for injunctive relief, are barred because Lost has an adequate remedy at law.

SIXTEENTH DEFENSE

Lost's damages, if any, are limited by the Fourteenth Amendment. Any award of punitive damages or any other excessive damages award violates the Due Process Clause of the Fourteenth Amendment.

SEVENTEENTH DEFENSE

Lost's claims are barred, in whole or in part, because its claims for relief would

unjustly enrich Lost at the expense of Lady Gaga by conferring on Lost benefits to which it has no entitlement.

## EIGHTEENTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are barred, in whole or in part, because its "MAYHEM" mark is descriptive and has not acquired secondary meaning.

## NINETEENTH DEFENSE

For reasons set forth in greater detail in the Opposition to Plaintiff's Motion for a Preliminary Injunction dated May 15, 2025 (Dkt. 19), *inter alia*, Lost's claims are "exceptional" in that they stand out from other Lanham Act cases due to both the substantive weakness of Lost's litigation position and also in the unreasonable manner in which the case is being litigated, entitling Lady Gaga to an award of reasonable attorney fees when it is determined that Lady Gaga is the prevailing party.

\* \* \*

Lady Gaga has insufficient knowledge or information upon which to form a belief as to whether she may have additional yet unstated defenses. Lady Gaga reserves the right to assert any additional defenses as may be discovered during the conduct of this litigation and further reserves the right to amend this Answer and assert all such defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Lady Gaga respectfully requests:

1. That Lost takes nothing by way of its Complaint;

2. That Lost's Complaint be dismissed in its entirety with prejudice;

3. That Lady Gaga be granted her reasonable attorneys' fees, costs and expenses; and

4. That the Court award such other and further relief as it deems just and proper.

1  DATED: July 7, 2025

2                                          Respectfully submitted,

3                                          GIBSON, DUNN & CRUTCHER LLP

4
                                           By: _/s/ Ilissa Samplin_
5                                               Orin Snyder
                                                Howard S. Hogan
6                                               Ilissa Samplin, Bar No. 314018

7                                          *Attorneys for Stefani Joanne Angelina*
                                           *Germanotta, A.K.A. Lady Gaga*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

ANSWER TO FIRST AMENDED COMPLAINT