BREMER WHYTE BROWN & O'MEARA LLP
Keith G. Bremer, State Bar No. 155920
kbremer@bremerwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerwhyte.com
Olivia Zorayan, State Bar No. 352064
ozorayan@bremerwhyte.com
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

KNOBBE, MARTENS, OLSON & BEAR, LLP
Steven J. Nataupsky, State Bar No. 155913
steven.nataupsky@knobbe.com
2040 Main Street
14th Floor
Irvine, CA 92614
Telephone: 949-760-0404

Attorneys for Plaintiff
LOST INTERNATIONAL, LLC, a California limited liability company

GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER, pro hac vice
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

GIBSON, DUNN & CRUTCHER LLP
HOWARD S. HOGAN, pro hac vice
hhogan@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.887.3640
Facsimile: 202.530.9550

GIBSON, DUNN & CRUTCHER LLP
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7354
Facsimile: 213.229.6354200 Park Avenue

Attorneys for Defendant,
STEFANI JOANNE ANGELINA GERMANOTTA A.K.A. LADY GAGA

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOST INTERNATIONAL, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEFANI JOANNE ANGELINA GERMANOTTA aka LADY GAGA, an individual; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 8:25-cv-00592 FMO (KESx)<br><br>Judge:  Hon. Fernando M. Olguin<br>Ctrm:   6D<br><br>**JOINT REPORT RE CONFERENCE PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 26-1**<br><br>Scheduling Conference: August 7, 2025<br>Time: 10:00 a.m.<br><br>Complaint Filed:  March 25, 2025 |

Pursuant to the Court's Order Setting Scheduling Conference [Dkt 28], the Court's Civil Standing Order, Federal Rule of Civil Procedure 26(f), and Local Rule 26-1, Plaintiff Lost International, LLC ("Lost") and Defendant Stefani Joanne Angelina Germanotta aka Lady Gaga ("Lady Gaga") (together the "Parties"), through their respective counsel, submit the following Joint Report. A Rule 26(f) conference was held on July 17, 2025, between Benjamin Price and Olivia Zorayan (for Lost) and Howard S. Hogan and Ilissa Samplin (for Lady Gaga).

## I.    STATEMENT OF THE CASE

### a. Lost's Statement

This action arises under the Lanham Act, 15 U.S.C. § 1125(a), 15 U.S.C § 1114 and Cal. Bus. Prof. Code § 17200 for trademark infringement, false designation of origin, unfair business practices and unfair competition under federal law and California law.  Lost is a well-known surf and lifestyle brand established in 1985, and owner of the registered trademark MAYHEM®, registration number 4,790,623 (the "Mark").  The Mark is registered in International Class 25: "Beanies; Caps;

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067

2

Jackets; Pants; Sandals; Shorts; T-shirts; Tank tops" and Lost has been using the Mark since 1986.

Lady Gaga is a world-famous artist and entrepreneur who released a music album and announced a worldwide concert tour under the name "Mayhem." Lady Gaga also began selling t-shirts and other items of clothing with the Mark prominently displayed on it, with a nearly identical design as used by Lost. On March 11, 2025, Lost requested in writing that Lady Gaga cease and desist from her infringing actions, but Lady Gaga has failed to comply.

Lost filed its First Amended Complaint on April 14, 2025, asserting causes of action against Lady Gaga for trademark infringement, false designation of origin, unfair business practices and unfair competition. Specifically, Lost alleges that Lady Gaga infringed its registered Mark by using the Mark on merchandise including clothing and headwear bearing the Mark within Class 25 without Lost's permission. Lost seeks monetary damages, disgorgement and accounting of profits, attorneys fees and injunctive relief to prevent further infringement and harm to Lost. Lady Gaga filed her Answer on July 7, 2025, and admits that she released an album and tour titled "Mayhem," and sells merchandise but denies that her actions constitute infringement.

On May 22, 2025, Lost filed a Motion for a Preliminary Injunction against Lady Gaga, requesting that this Court prohibit Lady Gaga from using Lost's Mark to market and sell clothing and headwear within Class 25 bearing the Mark. Lost claims Lady Gaga's use of the Mark has caused and is causing reverse consumer confusion and irreparable harm to Lost's brand and reputation. Lady Gaga filed an Opposition to Lost's Motion claiming her conduct does not constitute infringement and denies that Lost has or will suffer any irreparable harm. The Court's ruling on the Motion is still pending.

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3

3430.067

### b. Lady Gaga's Statement

Lost's action is nothing more than an opportunistic attempt to weaponize trademark law for a check. Lost does not own the word "mayhem"—a common, dictionary word—and before this action, Lost never purported to own it. There are nearly 200 registered or pending trademarks that contain the word "mayhem," and merchandise bearing the word "mayhem" abounds in the marketplace, without challenge from Lost. Lost knew of this widespread use but neglected to raise a challenge—until it got wind that one of the bestselling recording artists in the world announced an album using the same word.

Defendant Stefani Germanotta, known by her stage name Lady Gaga, denies that she has infringed any of Lost's purported marks. Lost's action is barred by the First Amendment, which categorically protects her use of "mayhem" as the title of an expressive work; the Lanham Act's fair use doctrine, which shields Lady Gaga's descriptive use of "mayhem"; and the aesthetic functionality doctrine, which prevents Lost from claiming exclusive rights over its unregistered, stylized use of "mayhem" for decorative, non-source-identifying purposes. Further, Lost cannot prevail under a traditional likelihood of confusion analysis because it cannot show that any reasonable consumer would mistake Lost's surf merchandise as originating from Lady Gaga's *Mayhem* album and tour. Nor can Lost show that it has suffered any cognizable harm attributable to Lady Gaga.

Because Lost cannot overcome any of these independent bars, much less all of them, each of Lost's claims fail and Lost is not entitled to any relief. And because this is an exceptional case given the complete absence of any evidence to support Lost's claims, Lady Gaga is entitled to her reasonable attorneys' fees.

### II. SUBJECT MATTER JURISDICTION

The Parties agree that this Court has subject matter jurisdiction over Lost's Lanham Act claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, and

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3430.067

supplemental jurisdiction over the related California law claims pursuant to 28 U.S.C. § 1367.

### III. LEGAL ISSUES

#### a. Lost

Lost identifies this nonexclusive list of legal issues which it anticipates facing in the litigation:

i. whether Lost holds valid and protectable rights in the "MAYHEM" Mark;

ii. whether Lost owns the exclusive right to use the Mark;

iii. whether Lost's Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Lost, its quality products, and its goodwill;

iv. whether the consuming public recognizes Lost's Mark and associates it with Lost;

v. whether Lost's Mark is inherently distinctive and has acquired distinctiveness through over three decades of use;

vi. whether Lady Gaga had constructive notice of Lost's federal registration rights under 15 U.S.C. § 1072 and actual knowledge of Lost's use of the Mark and Stylized Mark prior to the release of her album, tour and merchandise;

vii. whether Lady Gaga's infringing design of "Mayhem" on clothing and headwear is substantially similar or virtually identical to Lost's Mark;

viii. whether Lady Gaga has unlawfully appropriated Lost's registered Mark; whether Lady Gaga willfully and knowingly infringed Lost's rights in its registered Mark;

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067

ix. whether Lady Gaga's confusingly similar use of the Mark is likely to cause and has caused actual reverse customer confusion within the market as to the source of Lost's products bearing Lost's Mark and Lady Gaga's infringing products bearing "Mayhem";

x. whether Lost's and Lady Gaga's products have been and are likely to be marketed in the same channels of commerce;

xi. whether Lady Gaga falsely designated the origin of her products by using designs confusingly similar to Lost's Mark;

xii. whether Lady Gaga's infringing conduct is diverting revenue from Lost and depriving Lost of the ability to manage and control its brand and valuable goodwill;

xiii. whether Lady Gaga committed unfair competition in violation of California Business & Professions Code §§ 17200, et seq.;

xiv. whether Lady Gaga's must be preliminarily and permanently enjoined from her willful and blatant infringement of Lost's registered Mark;

xv. whether and to what extent Lost suffered damages, including irreparable loss of income, profits, and goodwill, as a result of Lady Gaga's conduct;

xvi. whether Lady Gaga has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill as a result of her infringing conduct;

xvii. whether Lady Gaga's wrongful use of the Mark is knowing, deliberate, willful, fraudulent, and without extenuating circumstances;

xviii. whether Lost has any remedy at law;

6

xix. whether Lady Gaga's acts of infringement will cause further irreparable injury to Lost if Lady Gaga is not restrained by this Court from further violation of Lost's rights;

xx. whether Lost is entitled to punitive or exemplary damages as a result of Lady Gaga's willful conduct;

xxi. whether Lost is therefore entitled to recover its damages, Lady Gaga's profits, and Lost's attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117(a).

**b. Lady Gaga**

In addition to the legal issues Lost identifies above, Lady Gaga identifies the following nonexclusive key legal issues:

i. Whether the First Amendment protects Lady Gaga's use of "mayhem" as the title of an expressive work;

ii. Whether the fair use doctrine protects Lady Gaga's descriptive use of "mayhem" in its ordinary, dictionary sense;

iii. Whether the aesthetic functionality doctrine precludes Lost from claiming exclusive rights over its unregistered, stylized use of "mayhem" for decorative and non-source identifying purposes;

iv. Whether Lost can show that Lady Gaga is using "mayhem" in a way that is likely to confuse Lost's customers into believing they are dealing with Lady Gaga;

v. Whether Lady Gaga acted in good faith and without intent to infringe Lost's asserted marks;

vi. Whether Lost's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, abandonment, forfeiture, acquiescence, ratification, consent, unclean hands, or trademark misuse;

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067

vii. Whether Lost can show that it has suffered any cognizable injury attributable to Lady Gaga;

viii. Whether Lost has failed to mitigate any losses or damages claimed;

ix. Whether Lost's request for injunctive relief fails because it has not suffered any irreparable harm and has an adequate remedy at law;

x. Whether Lost's request for punitive damages is barred by the Due Process Clause of the Fourteenth Amendment;

xi. Whether Lost's claims for relief would unjustly enrich Lost at the expense of Lady Gaga by conferring on Lost benefits to which it has no entitlement;

xii. Whether the "mayhem" mark is descriptive and has not acquired secondary meaning; and

xiii. Whether Lady Gaga is entitled to an award of reasonable attorneys' fees under the Lanham Act.

## IV. PARTIES, EVIDENCE, ETC.

### a. Lost

Plaintiff Lost International, LLC is a limited liability company duly organized and existing under the laws of the State of California and maintains its principal place of business at 125 Irvine Cove Court, Laguna Beach, CA 92651. Lost conducts a substantial amount of business in California, including under its trademark MAYHEM® brand (U.S. Trademark Registration No. 4,790,623 in International Class 25).

While discovery is ongoing, Lost identifies the following witnesses relevant to these proceedings:

///

      i. Lost's corporate representatives including Mike Reola, Matt Biolos, Joel Cooper and Pat McGaughan;

      ii. Lady Gaga;

      iii. persons responsible for the development and design of Lady Gaga's allegedly infringing mark;

      iv. persons responsible for marketing, promoting and advertising Lady Gaga's products bearing Lost's Mark, or marks confusingly similar to Lost's;

      v. persons responsible for sale and accounting of Lady Gaga's products bearing Lost's Mark, or marks confusingly similar to Lost's;

      vi. individuals exhibiting confusion between the two marks.

Lost anticipates additional parties may be added to this case should discovery reveal additional persons or entities involved in Lady Gaga's use of Lost's Mark, or marks confusingly similar to Lost's.

While discovery is ongoing, Lost identifies the following categories of documents relevant to these proceedings:

      i. The registration certificates for Lost's trademark, MAYHEM®;

      ii. documents to show that Lost holds valid, protectable and incontestable rights in the "MAYHEM" Mark;

      iii. documents sufficient to show all of Lady Gaga's products that bear marks confusingly similar to Lost's registered Mark, which documents are in Lost's possession;

      iv. documents to show that individuals are exhibiting actual confusion as a result of Lady Gaga's infringing conduct;

      v. documents to show that Lady Gaga was aware of Lost's Mark and its stylized form when she chose the name "mayhem" and

designed the branding of her album tour and merchandise;

vi. documents to show that Lady Gaga knowingly infringed Lost's Mark;

vii. documents pertaining to the quantity of products which Lady Gaga sold containing Lost's Mark, or marks confusingly similar to Lost's, which documents are in Lady Gaga's possession;

viii. the promotional and marketing materials for the products which Lady Gaga sold containing Lost's Mark, or marks confusingly similar to Lost's, which documents are in Lady Gaga's possession;

ix. financial documents pertaining to Lady Gaga's sale of her products containing Lost's Mark, or marks confusingly similar to Lost's, which documents are in Lady Gaga's possession.

**b. Lady Gaga**

Lady Gaga has not yet determined the witnesses she intends to call at trial but will provide this information in accordance with the Federal Rules of Civil Procedure and this Court's Standing Order and procedures.

While discovery is ongoing, Lady Gaga identifies the following categories of key documents on the main issues in the case:

i. Documents showing that Lady Gaga uses "mayhem" as part of an expressive work;

ii. Documents showing that Lady Gaga identifies herself as the source of her *Mayhem* album, associated tour, and merchandise;

iii. Documents showing that Lost's consumers buy its products bearing the unregistered, stylized version of "mayhem" because they find the term aesthetically pleasing, and not because the term identifies Lost as the source of the products;

10

  iv. Documents showing that numerous third parties have registered and use marks incorporating the term "mayhem," including in connection with apparel products;

  v. Documents showing that Lost has been aware that multiple third parties in related fields make use of the term "mayhem" and has not taken steps to enforce its rights in the term prior to filing this lawsuit;

  vi. Documents showing that the Parties' uses of "mayhem" are dissimilar because they will encounter them differently in the marketplace;

  vii. Documents concerning the Parties' distinct marketing and distribution channels and customer bases;

  viii. Documents showing that Lost's customers exercise a high level of care before purchasing goods from Lost; and

  ix. Documents showing that Lady Gaga's consumers are not confused about the source of her *Mayhem* album or associated tour and merchandise.

## V. INSURANCE

Lost does not have any applicable insurance policy. Lady Gaga is still determining whether there is applicable insurance coverage.

## VI. MAGISTRATE JUDGE

Lost and Lady Gaga agree that the Magistrate Judge is to preside over discovery issues, as ordered by Judge Olguin, but the Parties do not stipulate to the Magistrate Judge presiding over any other aspect of the case including trial.

## VII. DISCOVERY

The Parties will serve their initial disclosures by **August 21, 2025**.

At this stage, there are no disputes regarding discovery nor do the Parties presently anticipate discovery disputes. Should a discovery dispute arise, the Parties will comply with the Local Rules, Judge Olguin's procedures, and the assigned

Magistrate Judge Karen E. Scott's procedures.

The Parties anticipate taking standard discovery in a trademark infringement, false designation of origin, unfair business practices, and unfair competition case. The Parties do not propose any modifications to the limitations on discovery contained in Fed. R. Civ. P. 33, 34, or 36 or the limits on depositions provided by Fed. R. Civ. P. 30 and 31.

### a. Lost

Lost will conduct written discovery including Interrogatories, Requests for Admission, Requests for Production of Documents and Things. Lost also plans on issuing subpoenas to any individual or entity involved in the marketing, promoting, accounting, advertising, sales, and merchandising of Lady Gaga's products bearing Lost's Mark, or marks confusingly similar to Lost's.  Lost will also conduct Rule 30(b)(6) depositions on Lady Gaga and possibly depositions of other personnel involved with or knowledgeable about the issues of the case including but not limited to Lady Gaga's design, marketing, accounting and sales of merchandise bearing Lost's Mark, or marks confusingly similar to Lost's.

### b. Lady Gaga

Lady Gaga expects to seek discovery on at least the following subjects:

Lost's knowledge of other uses of the word "MAYHEM" on apparel in the marketplace, any enforcement efforts by Lost against third parties using the word "MAYHEM" in the marketplace, Lost's revenue under the "MAYHEM" mark, any alleged harm to Lost's finances, Lost's sale of merchandise in niche retail stores and otherwise, any alleged evidence of actual confusion related to Lady Gaga's use of the word "MAYHEM," and facts supporting the *Sleekcraft* analysis generally.

Lady Gaga anticipates taking a corporate deposition of Lost and individual depositions of Lost's co-founders, Matt Biolos and Mike Reola, any persons who allegedly experienced actual confusion, and third party users of "MAYHEM."  Lady

12

3430.067

Gaga will depose any expert witnesses designated by Lost.

The subjects of discovery are subject to change pending the exchange of information and the evolution of the discovery process. Lady Gaga reserves the right to pursue additional discovery not outlined within this statement.

### c. Protective Order

The Parties agree that discovery will likely include sensitive information and trade secrets on both sides, so they are contemplating a stipulation for a potentially two-tiered protective order. The Parties also agree that any discoverable information relevant to this matter ought to be preserved. The Parties believe it is not necessary to formally phase or bifurcate discovery.

### d. ESI Protocol

The Parties also agree to negotiate an appropriate ESI Protocol to govern discovery in this case, and to abide by their preservation obligations.

### e. Discovery Timeline

The Parties propose:

Fact discovery cut-off should be set at **April 20, 2026.**

Initial expert disclosures should be completed by **May 18, 2026.**

Rebuttal expert disclosures should be completed by **June 22, 2026.**

Expert discovery cut-off should be set at **July 23, 2026.**

## VIII. MOTIONS

### a. Lost

Lost anticipates filing motions to name additional defendants once discovery reveals the entities and/or individuals involved in Lady Gaga's use of the "Mayhem" Mark.

### b. Lady Gaga

Lady Gaga reserves the right to file a dispositive motion in response to Lost's operative complaint and any future amended complaints that Lost may file.

13

3430.067

Otherwise, the Parties do not anticipate filing amended pleadings or motions challenging the Court's jurisdiction.

## IX. CLASS CERTIFICATION

This action does not implicate class claims or certification.

## X. DISPOSITIVE MOTIONS

The Parties anticipate filing contested motions for summary judgment on issues where there is no dispute of material fact. However, because discovery is ongoing and the ruling on Lost's Motion for Preliminary Injunction is still pending, the Parties are not currently aware of all issues these motions will cover.

The Parties propose that the last date to file dispositive motions be **September 17, 2026**.

## XI. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

The Parties agree that private mediation is best suited to the circumstances of this case. Within fourteen (14) days following any mediation, the Parties will file a joint Notice with this Court informing the Court whether a settlement has been reached or whether the Parties seek to move forward with trial.

## XII. PRETRIAL CONFERENCE AND TRIAL

The Parties propose a trial date of **January 26, 2027**, with a pretrial conference scheduled for **January 8, 2027**.

## XIII. TRIAL ESTIMATE

### a. Lost

Lost has requested a jury trial on all claims triable to a jury. Lost believes that a jury trial will last approximately ten days. Lost reserves its right to a jury trial which is established by its Complaint which seeks monetary damages. This estimate assumes the Court denies all motions for summary judgment or injunctive relief and every issue must be tried before the jury. Any narrowing of the issues may lead to a shorter time necessary for trial.

3430.067

A ten-day trial will be necessary for Lost to present 5-10 fact witnesses, 2-3 expert witnesses and for Lady Gaga to present her fact witnesses and expert witnesses. The likelihood of reverse confusion analysis for the jury to perform under *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) and *Dreamwerks Production Group v. SKG Studio* 142 F.3d 1127 (9th Cir. 2009), is fact-intensive and includes eight non-exclusive factors. Thus, the Parties' witnesses will need to discuss the facts underlying these factors. Further, the damages analysis based on product sales and profits may involve detailed expert testimony. These factors contribute to Lost's estimate of 10 trial days.

### b. **Lady Gaga**

Lady Gaga estimates that a jury trial may require four days. This is a relatively straightforward trademark case involving a single plaintiff, a single defendant, and many facts that should be undisputed by the time of trial.

Lady Gaga will likely call at least three witnesses at trial. Lady Gaga reserves the right to modify the foregoing based on the number of witnesses Lost intends to call at trial and any additional information uncovered during the discovery process.

### XIV. TRIAL COUNSEL

Lost's trial counsel will include Keith Bremer, Benjamin Price, and Steven Nataupsky, with Keith Bremer as lead counsel.

Lady Gaga's trial counsel will include Orin Snyder, Howard S. Hogan, and Ilissa Samplin.

### XV. INDEPENDENT EXPERT OR MASTER

The Parties agree that this matter does not require an independent expert or master pursuant to Federal Rule of Civil Procedure 53.

### XVI. OTHER ISSUES

The Parties' proposed pretrial and trial schedule, including discovery cut-off dates, motion hearing dates, settlement conference, final pretrial status conference,

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067

trial filings, and trial dates ("Schedule of Pretrial and Trial Dates Worksheet"), is attached hereto as Exhibit 1.

Dated: July 24, 2025

BREMER WHYTE BROWN & O'MEARA LLP

By: /s/ Benjamin P.
Keith G. Bremer
Benjamin Price
Olivia Zorayan
Attorneys for Plaintiff
LOST INTERNATIONAL, LLC, a California limited liability company

Dated: July 24, 2025

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Ilissa Samplin
Orin Snyder
Howard S. Hogan
Ilissa Samplin
Attorneys for Defendant
STEFANI JOANNE ANGELINA GERMANOTTA aka LADY GAGA, an individual

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067

16