UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 25-0592 FMO (KESx) | Date | December 15, 2025 |
|---|---|---|---|
| Title | Lost International, LLC v. Stefani Joanne Germanotta, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Motion for Preliminary Injunction [15]

Having reviewed and considered all the briefing filed with respect to Lost International, LLC's ("Lost" or "plaintiff") Motion for Preliminary Injunction, (Dkt. 15, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**[1]

On March 25, 2025, Lost filed the instant action against Stefani Joanne Angelina Germanotta ("Lady Gaga" or "defendant"). (See Dkt. 1, Complaint). On April 14, 2025, Lost filed the operative First Amended Complaint ("FAC"), asserting claims for: (1) federal trademark infringement, 15 U.S.C. § 1114; (2) common law trademark infringement; (3) federal false designation of origin, 15 U.S.C. § 1125(a); (4) state law unfair business practices, Cal. Bus. & Prof. Code §§ 17200, et seq.; and (5) common law unfair competition. (See Dkt. 14, FAC at 1, ¶¶ 21-79).

Lost alleges that it has been using the contested mark, "MAYHEM" (hereinafter "the Mark") since 1986, and since 1992 in commerce. (See Dkt. 14, FAC at ¶¶ 2, 11). Lost sells clothing and accessories with the Mark, often as a stylized form (the "Stylized Mark"). (Id. at ¶ 13). "Lost has used the mark in connection with surfboards, surf equipment, clothing, accessories, and surf videos, in over 30 countries worldwide." (Id. at ¶ 11). According to Lost, it has "invested substantial time, effort, and financial resources promoting the Mark in connection with the marketing and sale of its goods in interstate commerce," and that the Mark has become "an asset of substantial value as a symbol of Lost, its quality products, and its goodwill." (Dkt. 14, FAC at ¶¶ 26-27).

Although Lost does not suggest that the Stylized Mark is itself the subject of a registered

---

[1] Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 25-0592 FMO (KESx) | Date | December 15, 2025 |
|---|---|---|---|
| Title | Lost International, LLC v. Stefani Joanne Germanotta, et al. | | |

trademark, (see, generally, Dkt. 14, FAC), Lost does allege that it is "the owner of the registered trademark MAYHEM®," which was registered on August 11, 2015, as U.S. Reg. No. 4,790,623. (Dkt. 14, FAC at ¶ 12). "The registered Mark is in International Class 25: 'Beanies; Caps; Jackets; Pants; Sandals; Shorts; T-shirts; Tank tops.'" (Id.). "[T]he mark consists of standard characters without claim to any particular font, style, size, or color[.]" (Dkt. 17, Exh. A, Certificate of Registration at ECF 36).

Lady Gaga is a musician, artist, songwriter, and actress. (Dkt. 14, FAC at ¶ 3). During the second half of 2023, she began working on her seventh solo studio album, Mayhem, which was released in stores, on digital download platforms, and on streaming services on or about March 7, 2025. (See Dkt. 19-7, Declaration of Bobby Campbell in Support of Opposition to Plaintiff's Motion for Preliminary Injunction ("Campbell Decl.") at ¶¶ 3-4); (see also Dkt. 14, FAC at ¶ 3). The album cover features a photograph of defendant, and "is listed as an album by Lady Gaga." (Dkt. 19-7, Campbell Decl. at ¶ 4). Defendant formally announced The Mayhem Ball concert tour on March 26, 2025, which began in Las Vegas on July 16, 2025, and continued with 57 total shows across three continents. (See id. at ¶ 8).

To promote her upcoming album and tour, Lady Gaga began releasing Mayhem merchandise on or about January 27, 2025. (See Dkt. 19-9, Declaration of Ashley Fogerty in Support of Opposition to Plaintiff's Motion for Preliminary Injunction at ¶ 3). Plaintiff alleges that "[n]otwithstanding Lost's established rights in the Mark and Stylized Mark, Lady Gaga adopted and used the Mark and a stylized version of the Mark substantially similar to the Stylized Mark in interstate commerce in connection with the sale and offering for sale of t-shirts, sweatshirts, and other merchandise related to the promotion of her album and tour titled 'Mayhem.'"[2] (Dkt. 14, FAC at ¶ 29).

Lost filed the instant Motion for Preliminary Injunction, seeking "preliminary relief enjoining Lady Gaga from marketing and selling clothing and headwear that bear the infringing 'MAYHEM' Mark that are likely to cause and have already caused confusion among Lost's customers and irreparable injury to Lost, jeopardizing its brand, reputation and goodwill." (Dkt. 17, Memorandum of Points and Authorities in Support of Motion ("Memo") at 2).

---

[2] Although plaintiff does not allege possession of a registered trademark that pertains to the Stylized Mark, (see Dkt. 14, FAC at ¶¶ 12-13), it does allege that it "created and own[s] the Mark and the Stylized Mark" and has "established rights in" both. (See id. at ¶¶ 20, 29). However, in its Reply, plaintiff appears to disavow the relevance of the Stylized Mark, stating that "regardless of whether Lost's Mark and Lady Gaga's use have similar stylizations, Lady Gaga is infringing Lost's Mark by selling clothing bearing the word 'MAYHEM' because Lost owns the word mark, regardless of the stylized form." (See Dkt. 25, Reply at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 25-0592 FMO (KESx) | Date | December 15, 2025 |
|---|---|---|---|
| Title | Lost International, LLC v. Stefani Joanne Germanotta, et al. | | |

**LEGAL STANDARD**

Rule 65 provides courts with the authority to issue temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65(a) & (b). The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered, see U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010), while the purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. See Wahoo Intern., Inc. v. Phix Doctor, Inc., 2014 WL 2106482, *2 (S.D. Cal. 2014). The standards for a temporary restraining order and a preliminary injunction are the same. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001); Rowe v. Naiman, 2014 WL 1686521, *2 (C.D. Cal. 2014) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.") (internal quotation marks omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20, 129 S.Ct. at 374; Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (same). The Ninth Circuit also employs a "sliding scale" formulation of the preliminary injunction test under which an injunction could be issued where, for instance, "the likelihood of success is such that serious questions going to the merits [are] raised and the balance of hardships tips sharply in plaintiff's favor[,]" Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (internal quotation marks and brackets omitted), provided the other elements of the Winter test are met. Angelotti Chiropractic, Inc. v. Baker, 791 F.3d 1075, 1081 (9th Cir. 2015) ("Serious questions going to the merits and hardship balance that tips sharply towards plaintiffs can also support issuance of a preliminary injunction, so long as there is a likelihood of irreparable injury and the injunction is in the public interest.") (internal quotation marks and brackets omitted).

A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997); Silvas v. G.E. Money Bank, 449 F.Appx. 641, 644 (9th Cir. 2011) (same). Indeed, the moving party bears the burden of meeting all prongs of the Winter test. See Cottrell, 632 F.3d at 1135; DISH Network Corp. v. FCC, 653 F.3d 771, 776 (9th Cir. 2011) ("To warrant a preliminary injunction, [plaintiff] must demonstrate that it meets all four of the elements of the preliminary injunction test established in Winter[.]"). The decision of whether to grant or deny a preliminary injunction is a matter of the district court's equitable discretion. See Winter, 555 U.S. at 32, 129 S.Ct. at 381.

**DISCUSSION**

In its Motion, Lost argues that it is likely to succeed on its claims for trademark infringement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 25-0592 FMO (KESx) | Date | December 15, 2025 |
|---|---|---|---|
| Title | Lost International, LLC v. Stefani Joanne Germanotta, et al. | | |

and false designation of origin under §§ 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). (Dkt. 17, Memo at 9). Before assessing plaintiff's Lanham Act claims, the court must address whether the test created by Rogers v. Grimaldi, 875 F.2d 994 (2d Cir. 1989) applies, and if so, whether plaintiff's claims are barred.

"Traditionally, courts apply a likelihood-of-confusion test to claims brought under the Lanham Act." Punchbowl, Inc. v. AJ Press, LLC, 90 F.4th 1022, 1027 (9th Cir. 2024). "When the allegedly infringing use is in the title of an expressive work, however, [the Ninth Circuit] instead appl[ies] a test developed by the Second Circuit in Rogers[,] . . . to determine whether the Lanham Act applies." Twentieth Century Fox Television v. Empire Distribution, Inc. ("Twentieth Century Fox"), 875 F.3d 1192, 1196 (9th Cir. 2017). Expressive works are treated differently from other covered works for two reasons: "(1) they implicate the First Amendment right of freedom of speech, which must be balanced against the public interest in avoiding consumer confusion; and (2) consumers are less likely to mistake the use of someone else's mark in an expressive work for a sign of association, authorship, or endorsement." Id.

Application of the Rogers test involves a multi-step inquiry. "As a threshold matter, the work at issue must be an artistic or expressive work in order to trigger the Rogers test." Chaquico v. Freiberg, 274 F.Supp.3d 942, 950 (N.D. Cal. 2017). If the defendant invoking Rogers makes the threshold showing that Rogers applies, the "burden then shifts to the plaintiff to show (1) that it has a valid, protectable trademark, and (2) that the mark is either not artistically relevant to the underlying work or explicitly misleading as to the source or content of the work." Belin v. Starz Ent., LLC, 2022 WL 2192999, *5 (C.D. Cal. 2022) (internal quotation marks omitted). The Rogers test does not apply if the alleged infringer is using "a trademark in the way the Lanham Act most cares about: as a designation of source for the infringer's own goods." Jack Daniel's Properties, Inc. v. VIP Products LLC, 559 U.S. 140, 153, 143 S.Ct. 1578, 1587 (2023).

Although plaintiff concedes that defendant's music album is an expressive work, it nevertheless contends that the Rogers test does not apply because defendant's "use of 'MAYHEM' on Class 25 uses like clothing and headwear," "is not merely expressive but serves as a source identifier, misleading consumers into associating Lost's brand with Lady Gaga's due to her use of the strikingly similar stylized mark." (Id.). Plaintiff's contentions are unpersuasive.

As an initial matter, the Ninth Circuit has explained that it "requires only a minor logical extension of the reasoning of Rogers to hold that works protected under its test may be advertised and marketed by name[.]" Twentieth Century Fox, 875 F.3d at 1196-97. This is because "[t]he balance of First Amendment interests struck in Rogers and Mattel could be destabilized if the titles of expressive works were protected but could not be used to promote those works." Id. at 1197. Thus, the Rogers test applies not only to the title or body of an expressive work, but also to auxiliary, revenue-generating promotional activities, including the sale or licensing of consumer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 25-0592 FMO (KESx) | Date | December 15, 2025 |
|---|---|---|---|
| Title | Lost International, LLC v. Stefani Joanne Germanotta, et al. | | |

goods.³  See id. at 1196-97.

Plaintiff's efforts to distinguish Twentieth Century Fox are unpersuasive.  First, plaintiff suggests that the discussion of promotional materials was merely an "ancillary matter" in Twentieth Century Fox, whereas plaintiff exclusively seeks to enjoin defendant's use of the Mark on clothing.  (Dkt. 25, Reply at 7).  Relatedly, plaintiff notes that, unlike the plaintiff in Twentieth Century Fox, it owns a trademark that specifically pertains to the sole category of infringing items it seeks to enjoin.  (Id.).  Finally, plaintiff argues that because the "dominant purpose" of selling clothing items bearing the Mark is to generate income, such clothing items amount to purely commercial speech and therefore do not warrant First Amendment protection.  (See id. at 7-8).

In Twentieth Century Fox, the alleged infringer's promotional efforts specifically involved the sale of "consumer goods such as shirts" bearing the challenged mark.  See 875 F.3d at 1195.  Given this context, the Ninth Circuit's holding that the Rogers test applies to the revenue-generating sale of promotional consumer goods would appear to foreclose plaintiff's argument.  Indeed, courts routinely apply the Rogers test to the sale of promotional consumer merchandise.  See, e.g., Betty's Found. for Elimination of Alzheimer's Disease v. Trinity Christian Ctr. of Santa Ana, Inc., 2021 WL 3046889, *2 (C.D. Cal. 2021) ("Accordingly, Defendants' advertisements and merchandise sales related to its television show, 'Remember the Music,' are protected as part of an expressive work."); K & K Prods., Inc. v. Walt Disney Studios Motion Pictures, 2021 WL 4394787, *3 (D. Nev. 2021) ("It is also well-established that advertising and the sale or licensing of consumer goods related to an expressive work like a film are incorporated into the same Rogers test analysis."), aff'd sub nom. K & K Promotions, Inc. v. Walt Disney Studios Motion Pictures, 2022 WL 3585589 (9th Cir. 2022); Belin, 2022 WL 2192999, at *6 ("Accordingly, the court finds Defendants have shown the Series and the promotional and marketing materials related to it, including consumer merchandise, are 'expressive works' under the Rogers test.").  In short, the court finds that the Rogers test applies in this case.

"Under the two prongs of the Rogers test," the Lanham Act does not apply to expressive works unless (1) the use of the trademark or other identifying material has no artistic relevance to the underlying work whatsoever, or (2) if it has some artistic relevance, unless the trademark or other identifying material "explicitly misleads as to the source or the content of the work."  Twentieth Century Fox, 875 F.3d at 1197 (internal quotation marks omitted).

In determining whether the use of the trademark or other identifying material has any artistic relevance to the underlying work, "[t]he bar is set low: the level of relevance merely must be above zero."  Twentieth Century Fox, 875 F.3d at 1198 (internal quotation marks omitted).  Because plaintiff otherwise concedes "that Lady Gaga's music album is an expressive work" and

---

³ For the same reasons, the court declines plaintiff's invitation, (see Dkt. 25, Reply at 5-6), to disaggregate defendant's album title and promotional merchandise for the purpose of determining whether either are expressive works or source identifiers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 25-0592 FMO (KESx) | Date | December 15, 2025 |
|---|---|---|---|
| Title | Lost International, LLC v. Stefani Joanne Germanotta, et al. | | |

does not "request the Court to enjoin Lady Gaga from naming her album, 'MAYHEM,'" (see id. at 5), the court finds that the first Rogers prong weighs in defendant's favor.

As to the second prong, plaintiff argues that because "Lady Gaga's use of 'MAYHEM' on a commercial item, namely clothing, explicitly misleads consumers as to the source or the content of the mark and specifically, her nationwide concert will cause the consuming public to see Lost's Mark and associate it with Lady Gaga." (Dkt. 25, Reply at 6). However, plaintiff's argument appears to "conflate[] the second prong of the Rogers test with the general Sleekcraft likelihood-of-confusion test, which applies outside the Rogers context of expressive works." Twentieth Century Fox, 875 F.3d at 1199; see, e.g., Caiz v. Roberts, 382 F.Supp.3d 942, 951 (C.D. Cal. 2019) ("Plaintiff instead argues that this prong is met because reverse confusion amongst consumers is likely – seemingly importing a likelihood of confusion analysis into the second Rogers' prong.").

Moreover, the only evidence plaintiff cites to support its contention that defendant is explicitly misleading consumers as to the source or content of the work is defendant's use of the Mark. (See Dkt. 25, Reply at 6). But "the use of a mark alone is not enough to satisfy this prong of the Rogers test[.]" Twentieth Century Fox, 875 F.3d at 1199 (internal quotation marks omitted); see, e.g., Caiz, 382 F.Supp.3d at 951 ("Plaintiff only provides legal argument that Defendants' use of 'Mastermind' in the same way is explicitly misleading, but points to no evidence indicating that Defendants' use even 'implicitly suggest[s]' that the album is associated with Plaintiff, let alone any evidence of an overt association."); Belin, 2022 WL 2192999, at *7 ("Plaintiff's allegations are limited to Defendants' use of the BMF Mark in the Series and in connection with related marketing and promotional merchandise. As such, the Complaint insufficiently alleges an explicit indication, overt claim, or explicit misstatement linking Plaintiff to the Series.") (internal quotation marks and record citation omitted). Therefore, the second Rogers prong also weighs in favor of defendant.

Because defendant's use of the Mark is artistically relevant and does not explicitly mislead consumers as to the source or content of the challenged work, "the Lanham Act does not apply, and [plaintiff] cannot succeed on its claims for trademark infringement and false designation of origin." Pepperdine University v. Netflix, Inc., 2025 WL 632983, *5 (C.D. Cal. 2025) (denying plaintiff's request for TRO where defendant satisfied Rogers test). The court therefore need not address the remaining Winter factors, as plaintiff has not met its burden of establishing a likelihood of success on the merits. See id.

**CONCLUSION**

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion for Preliminary Injunction **(Document No. 15)** is **denied**.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SA CV 25-0592 FMO (KESx)** | Date | **December 15, 2025** |
| Title | **Lost International, LLC v. Stefani Joanne Germanotta, et al.** | | |

                                                                    00  :  00
                                              Initials of Preparer       vdr