ORIN SNYDER, *pro hac vice*
OSnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

HOWARD HOGAN, *pro hac vice*
HHogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.887.3640
Facsimile: 202.530.9550

ILISSA SAMPLIN, SBN 314018
ISamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7354
Facsimile: 213.229.6354

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOST INTERNATIONAL, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEFANI JOANNE ANGELINA GERMANOTTA, A.K.A. LADY GAGA, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 8:25-cv-00592-FMO-KES<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date: January 8, 2026<br>Time: 10:00 a.m.<br><br>Action Filed: March 25, 2025<br>Trial Date: August 11, 2026 |

## I. INTRODUCTION

This Court should deny Plaintiff Lost International, LLC's ("Lost") motion for leave to amend its complaint because any amendment would be plainly futile. Lost's proposed amended complaint adds nothing of substance—no new facts, no new claims, and no new legal theories. Instead, it seeks leave solely to add Bravado International Group Merchandising Services, Inc. ("Bravado") as a Defendant in order to pursue the exact same claims it has already asserted. This Court has already rejected Lost's claims, holding in connection with Lost's motion for a preliminary injunction that those claims are "barred" by *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). Dkt. 41 at 4-6. Because Lost's proposed amendment seeks to relitigate claims this Court has already found legally foreclosed, permitting the amendment would serve no purpose other than to prolong this litigation. The motion for leave should be denied as futile.

## II. BACKGROUND

Lost first alleged in its initial March 25, 2025 complaint in this action (Dkt. 1) and then restated in its April 14, 2025 First Amended Complaint (Dkt. 14 or "FAC") that global icon Stefani Germanotta ("Lady Gaga") released an album titled *Mayhem* in spring 2025, announced a worldwide concert tour under the *Mayhem* title (*The Mayhem Ball*), and sold t-shirts, sweatshirts, and other merchandise bearing the term "mayhem" to promote the album and tour. *See* FAC ¶¶ 3, 15-17, 29. Lost contends that Lady Gaga's use of "mayhem" infringes Lost's rights in its registered trademark for "MAYHEM" and unregistered trademark in the stylized version of "mayhem." *Id.* ¶¶ 18, 29. It asserted claims for federal trademark infringement, common law trademark infringement, federal false designation of origin, state law unfair business practices, and common law unfair competition. *Id.* ¶¶ 21-79.

On May 8, 2025, Lost filed a motion for a preliminary injunction, seeking to enjoin "Lady Gaga from marketing and selling clothing and headwear that bear the [allegedly] infringing 'MAYHEM' Mark that are likely to cause and have already caused confusion among Lost's customers." Dkt. 15-1 at 2. Lost argued that "Lady Gaga is

improperly and without Lost's permission selling clothing and headwear bearing the Mark with a confusingly similar stylization in support of her new album titled 'Mayhem' and upcoming world tour." *Id.* at 1.

On November 24, 2025, Lost filed its Motion for Leave to Amend Complaint, seeking leave to file a Second Amended Complaint ("SAC"), adding Bravado as a Defendant because it is "involved in the manufacture, design, and sale of Lady Gaga's Mayhem merchandise." Dkt. 37 at 3. Lost's proposed SAC does not add anything of substance—it does not contain any new facts, claims, or legal theories. *Id.* at 6-7. Lost instead seeks leave to pursue against Bravado the exact same claims it has already asserted against Lady Gaga. *See generally* Dkt. 37, Ex. 1.

On December 15, 2025, this Court denied Lost's motion for a preliminary injunction because Lost's "claims are barred" under "the test created by *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989)." Dkt. 41 at 4. As the Court explained, Lost "concedes" that Lady Gaga's "album is an expressive work," and "the *Rogers* test applies not only to the title or body of an expressive work, but also to auxiliary, revenue-generating promotional activities, including the sale or licensing of consumer goods." *Id.* at 4-5. The Court further explained that Lost "concede[d]" that Lady Gaga's use of "mayhem" has "artistic relevance to the underlying work," and that Lady's Gaga's mere use of the asserted trademark failed to show that she "is explicitly misleading consumers as to the source or content" of any challenged work. *Id.* at 5-6. The Court therefore concluded that Lost "cannot succeed on its claims." *Id.* at 6.

### III. ARGUMENT

The Court should deny Lost's motion for leave to amend the complaint adding Bravado as a Defendant because the proposed amendment is futile. The Ninth Circuit has repeatedly held that leave to amend should be "denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018); *see also Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) ("futility of amendment alone can justify the denial of a

motion" for leave to amend complaint). Amendment is futile where the proposed amended complaint fails to allege facts sufficient to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6). *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A complaint should be dismissed under Rule 12(b)(6) where the plaintiff fails to assert a "cognizable legal theory," or the complaint contains "insufficient facts … to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Lost's proposed amendment to add Bravado as a Defendant is futile because Lost has not stated a "cognizable legal theory." *Navarro*, 250 F.3d at 732. In fact, this Court has already concluded that Lost's claims—the exact same ones Lost seeks to assert against Bravado—are "barred" by *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). Although the Court reached that conclusion in the context of a motion for a preliminary injunction, the Court did not rest its decision on any facts outside the four corners of Lost's complaint. Instead, the Court made the legal determination that Lost's claims are barred under the *Rogers* test and the First Amendment principles that test incorporates. *See Independent Party v. Padilla*, 184 F. Supp. 3d 791 (E.D. Cal. 2016) (denying leave to amend because amendment would be futile "[f]or all the reasons" the court denied the motion for a preliminary injunction); *Johnson v. Henrico Cty. Bd. of Supervisors*, 751 F. Supp. 3d 627, 633-34, 650 (E.D. Va. 2024) (denying leave to amend because the proposed amendment asserted the same claims the court "determined to be deficient in its Preliminary Injunction analysis").[1]

The *Rogers* test applies when the work at issue is "an artistic or expressive work." Dkt. 41 at 4. If so, the burden "shifts to the plaintiff to show" that the defendant's use of the asserted mark (1) "has no artistic relevance to the underlying work whatsoever," or (2) "explicitly misleads as to the source or the content of the work." *Id.* at 4-5.

As to the threshold question, Lost has "concede[d] that [Lady Gaga's] music album is an expressive work," and the Court has concluded that *Rogers* applies to

---

[1] Lady Gaga reserves the right to challenge the legal sufficiency of Lost's claims for reasons other than those stated in this opposition.

"auxiliary, revenue-generating promotional activities, including the sale or licensing of consumer goods" like the t-shirts, sweatshirts, and merchandise at issue. Dkt. 41 at 4-5.

As for the remaining parts of the test, this Court has concluded that Lost cannot overcome the First Amendment protections afforded under *Rogers*.

*First*, Lost "concede[d] that Lady Gaga's music album is an expressive work," and thus the asserted mark has "artistic relevance to the underlying work." Dkt. 41 at 5-6.

*Second*, the Court concluded that Lost's "contention that [Lady Gaga] is explicitly misleading consumers as to the source or content of the work" based on her alleged "use of the Mark" fails as a matter of law, since "the use of a mark alone is not enough to satisfy this prong of the *Rogers* test." Dkt. 41 at 6. The Court did not base its ruling on any evidence—because Lost did not present any evidence beyond its threadbare "contention" that also forms the basis of the claims alleged in the proposed SAC. *Id.* (citing Dkt. 25, Reply at 6); *compare* Dkt. 25 at 6 (Lost arguing that "Lady Gaga's use of 'MAYHEM' on a commercial item, namely clothing, explicitly misleads consumers as to the source or the content of the mark and specifically, her nationwide concert will cause the consuming public to see Lost's Mark and associate it with Lady Gaga"), *with* Dkt. 37, Ex. 1 ¶ 31 ("Lady Gaga and Bravado adopted and used the Mark … in interstate commerce in connection with the sale and offering for sale of t-shirts, sweatshirts, and other merchandise related to the promotion of her album and tour titled 'Mayhem'"), *id.* ¶ 35 ("Lady Gaga and Bravado's actions are likely to mislead the public into concluding that their goods originate with or are authorized by Lost"). And while the Court addressed whether Lady Gaga had explicitly misled consumers, Lost's proposed SAC alleges no additional facts plausibly showing that Bravado did anything to explicitly mislead consumers as to the source or content of any work.

Because Lost's proposed SAC fails to allege any facts beyond those that led the Court to conclude Lost's claims are "barred" by *Rogers*, any amendment would be futile.

# IV. CONCLUSION

The Court should deny Lost's motion for leave to file an amended complaint.

Dated:  December 18, 2025

        GIBSON, DUNN & CRUTCHER LLP

        By:   */s/ Ilissa Samplin*
            Orin Snyder
            Howard Hogan
            Ilissa Samplin

        *Attorneys for Defendant Stefani Germanotta*

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record certifies that this brief contains 1,470 words, which complies with the word limit of L.R. 11-6.1.

Dated:  December 18, 2025

By:    */s/ Ilissa Samplin*

Ilissa Samplin