# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOST INTERNATIONAL, LLC, | Case No. SA CV 25-00592 FMO (KESx) |
| Plaintiff, | |
| v. | **ORDER RE: MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |
| STEFANI JOANNE GERMANOTTA, et al., | |
| Defendants. | |

Having reviewed all the briefing filed with respect to plaintiff's Motion for Leave to Amend Complaint (Dkt. 37, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and rules as follows.

Where, as here, the court has already imposed a scheduling order, the party seeking leave to amend must meet the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (summarizing that a party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Federal Rule of Civil Procedure 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15). Upon meeting

the good cause standard, the party must demonstrate that the proposed amendment is proper under Rule 15.[1]  See id.

Under the circumstances, the court is persuaded that plaintiff has established good cause under Rule 16(b).  (See Dkt. 37, Motion at 4-7).  In addition, even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted).  Here, it appears that plaintiff was diligent in seeking leave to amend.  (See Dkt. 37, Motion at 5-6).  Moreover, because plaintiff is solely naming an additional defendant rather than adding a new claim or altering any legal theories, it does not appear that defendant will be prejudiced by the amendment.  (See id. at 6-7).  Indeed, although defendant opposes the Motion, she does not suggest that plaintiff's proposed amendment would cause her prejudice.  (See, generally, Dkt. 42, Opposition).  Instead, defendant argues that amendment would be futile in light of this court's order denying plaintiff's motion for a preliminary injunction as to its Lanham Act claims.  (See id. at 2); (Dkt.41, Court's Order of December 15, 2025).  Defendant is correct that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend[,]" Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995), and that an amendment is futile "when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks omitted).  However, the court finds it preferable to address the legal sufficiency of plaintiff's claims in the context of a dispositive motion.  Thus, considering the policy favoring amendment of complaints, the court will grant plaintiff's Motion.

Based on the foregoing, IT IS ORDERED THAT:

1.  Plaintiff's Motion for Leave to File an Amended Complaint **(Document No. 37)** is **granted**.  The hearing set for January 8, 2026, is hereby **vacated**.

---

[1]  Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

    2. Plaintiff shall, no later than **December 29, 2025**, file its Second Amended Complaint in compliance with Local Rule 3-2.

    3. Defendant shall file its Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **January 19, 2026.**

    4. In the event defendant wishes to file a motion to dismiss, then counsel for the parties shall, on **January 5, 2025, at 10:00 a.m.**[2] meet and confer in person, via video, or telephonically to discuss defendants' motion to dismiss. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted, and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

Dated this 23rd day of December, 2025.

                                                    /s/
                                     Fernando M. Olguin
                                  United States District Judge

---

[2] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.