BREMER WHYTE BROWN & O'MEARA LLP
Keith G. Bremer, State Bar No. 155920
kbremer@bremerwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerSTEwhyte.com
Olivia Zorayan, State Bar No. 352064
ozorayan@bremerwhyte.com
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone:  (949) 221-1000
Facsimile:   (949) 221-1001

KNOBBE, MARTENS, OLSON & BEAR, LLP
Steven J. Nataupsky, State Bar No. 155913
steven.nataupsky@knobbe.com
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff,
LOST INTERNATIONAL, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOST INTERNATIONAL, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEFANI JOANNE ANGELINA GERMANOTTA aka LADY GAGA, an individual; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., a California Corporation and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 8:25-CV-00592-FMO-KES<br><br>Assigned for All Purposes To:<br>Judge:  Hon.  Fernando M. Olguin<br>Dept:    Courtroom 6D<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**1. TRADEMARK INFRINGEMENT—15 U.S.C § 1114**<br>**2. COMMON LAW TRADEMARK INFRINGEMENT**<br>**3. FALSE DESIGNATION OF ORIGIN - 15 U.S.C § 1125(a)**<br>**4. UNFAIR BUSINESS PRACTICES - CAL. BUS. PROF. CODE § 17200**<br>**5. COMMON LAW UNFAIR COMPETITION**<br><br>Complaint Filed:  March 25, 2025 |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

SECOND AMENDED COMPLAINT

3430.067

Plaintiff LOST INTERNATIONAL, LLC ("Lost"), in support of its Second Amended Complaint against Defendants STEFANI JOANNE ANGELINA GERMANOTTA aka LADY GAGA ("Lady Gaga"), BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. ("Bravado") and DOES 1-100, hereby alleges as follows:

## INTRODUCTION

1. This lawsuit arises from the blatant disregard by Lady Gaga, Bravado and DOES 1-100 of Lost's rights to the mark "MAYHEM." Hereinafter, "the Mark" will refer to the name and trademark "MAYHEM."

2. Lost is a well-known surf and lifestyle brand established in 1985, that has been using the Mark since 1986 in connection with surfboards, surf equipment, clothing, accessories, and surf videos. It began using the Mark in commerce in 1992. Mayhem is the nickname of Matt Biolos, one of the co-founders of Lost.

3. Lady Gaga is a musician, artist, songwriter, and actress. On March 7, 2025 Lady Gaga released a music album named "Mayhem." Lady Gaga has also announced a worldwide concert tour under the "Mayhem" name as well. At some point prior to the release of the music album, Lady Gaga and DOES 1-100 began selling t-shirts and other items of clothing with the Mark prominently displayed on it, with a nearly identical design as used by Lost on its own products.

4. Bravado International Group Merchandising Services, Inc. is a company that provides merchandising and brand management services for entertainment and consumer products that was involved in the manufacture, design, and sale of Lady Gaga's "Mayhem" merchandise.

5. Defendants' infringement of Lost's Mark and other unlawful conduct as detailed herein has caused, and continues to cause Lost grave and irreparable harm. The Court must grant Lost all remedies that it seeks, including without limitation, preliminary and permanent injunctive relief.

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2
SECOND AMENDED COMPLAINT
3430.067

## PARTIES

6. Lost is a California limited liability company with its principal place of business in San Clemente, California.

7. Lost is informed and believes and thereon alleges that Lady Gaga is an individual residing in and doing business in Los Angeles County, California.

8. Lost is informed and believes and thereon alleges that Lady Gaga directly committed the infringement described herein or, alternatively, that she directly controlled the infringing conduct described herein, intentionally induced it or failed to prevent it, and, as such, that she is liable for infringement.

9. Lost is informed and believes and thereon alleges that Bravado is a California corporation with its principal place of business in Santa Monica, California.

10. Lost currently does not know and is blamelessly unaware of the true names and capacities of the defendants sued as Does 1 through 100, inclusive, and therefore sues these defendants by fictitious names. Lost will amend this First Amended Complaint to add the true names and capacities of these defendants when they are ascertained. Each of the fictitious named Doe defendants is responsible in some manner for the events and happenings alleged in this First Amended Complaint and for Lost's damages.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the claims pursuant to the Lanham Act (15 U.S.C. §§ 1121, & 1125, et seq.) and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) & (b), as the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution and federal law, and arise out of common facts, transactions, or occurrences, as provided under Fed. R. Civ. P. 13 and 20. The Court also has supplemental jurisdiction over the related claims arising under California law, pursuant to 28 U.S.C. § 1367 (b) and (c).

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3
SECOND AMENDED COMPLAINT

3430.067

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and Lady Gaga's residence and principal place of business are located in this district. In addition, Bravado's principal place of business is located in this district. Defendants have also engaged in continuous acts of trademark infringement and unfair competition within the State of California, including within this district, and have caused injury to Lost in this district as a result of such conduct.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION AND FACTUAL BACKGROUND

13. Lost is a well-known surf and lifestyle brand that was established in 1985 and sells a variety of surf apparel and accessories, including board shorts, tees, woven shirts, headwear, and more. Lost has been using the Mark since 1986 in connection with surfboards, surf equipment, clothing, accessories, and surf videos. Since then, Lost has used the Mark in connection with surfboards, surf equipment, clothing, accessories, and surf videos, in over 30 countries worldwide.

14. Lost is the owner of the registered trademark MAYHEM®. The Mark was registered in the United States on August 11, 2015, registration number 4,790,623. The registered Mark is in International Class 25: "Beanies; Caps; Jackets; Pants; Sandals; Shorts; T-shirts; Tank tops." A copy of the registration Certificate is attached hereto as Exhibit A. This registration is incontestable pursuant to 15 U.S.C § 1065. The Mark was also registered by Lost in Japan on June 4, 1999, registration number 4279826.

/ / /

/ / /

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

4
SECOND AMENDED COMPLAINT
3430.067

15. Lost sells clothing and accessories with the Mark, often as a stylized form as depicted below (the "Stylized Mark"):



16. Examples of Lost's products featuring the Mark and the Stylized Mark are below:





17. Lady Gaga has unilaterally, and without Lost's permission or knowledge, attempted to misappropriate the MAYHEM® name, trademark, and stylized mark by releasing an album entitled "Mayhem," launching a tour with that same name, and selling clothing and accessories with that name.

18. The following are examples of Lady Gaga's clothing on the left, with Lost's on the right:

 

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

6
SECOND AMENDED COMPLAINT

3430.067

19. The following are the logos isolated, with Lady Gaga's on the left, with Lost's on the right:



20. The Mark, MAYHEM®, is nearly identical on both Lady Gaga's merchandise and Lost's.  The Mark in stylized form on Lady Gaga's merchandise is substantially similar if not nearly identical to the Stylized Mark on Lost's merchandise.

21. Despite a notice from Lost's counsel, Lady Gaga has failed and refused, and continues to fail and refuse to cease her willful and blatant infringement of the registered Mark and thus she must be preliminarily and permanently enjoined from this behavior.

22. Defendants' acts and omissions are knowingly and willfully directed at promoting a falsehood that by design is intended to implant a false understanding among consumers, marketers, advertisers, and others that Defendants, rather than Lost, created and own the Mark and the Stylized Mark.  The foregoing is increasing Lost's damages by, among other things, diverting revenue from Lost to Defendants, and depriving Lost of the ability to manage and control its brand.

/ / /

/ / /

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067

7
SECOND AMENDED COMPLAINT

# CLAIMS FOR RELIEF

# FIRST CAUSE OF ACTION

## Trademark Infringement

## Under Section 32 of the Lanham Act, 15 U.S.C. 1114

23. Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 22 of this First Amended Complaint, above as though fully set forth herein.

24. Lost has sold beanies, caps, jackets, pants, sandals, shorts, t-shirts, tank tops, which included the Mark, in commerce in the United States since at least as early as 1992 and has used the Mark continuously since that time.

25. Lost is the owner of the registered Mark, federal registration number 4,790,623, which was issued on August 11, 2015 on the Principal Register of the United States Patent and Trademark Office.

26. The registration for the Mark covers "Beanies; Caps; Jackets; Pants; Sandals; Shorts; T-shirts; Tank tops."

27. Lost's registration is incontestable under the provisions of 15 U.S.C. § 1065, through the filing on August 3, 2021 of a Declaration of Incontestability.

28. Lost has invested substantial time, effort, and financial resources promoting the Mark in connection with the marketing and sale of its goods in interstate commerce.

29. Lost's Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Lost, its quality products, and its goodwill. The consuming public recognizes Lost's Mark and associates it with Lost.

30. Lost's Mark is inherently distinctive as applied to Lost's goods that bear the mark. The Mark has also acquired distinctiveness through over three decades of use.

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

8
SECOND AMENDED COMPLAINT

3430.067

31. Notwithstanding Lost's established rights in the Mark and Stylized Mark, Lady Gaga and Bravado adopted and used the Mark and a stylized version of the Mark substantially similar to the Stylized Mark in interstate commerce in connection with the sale and offering for sale of t-shirts, sweatshirts, and other merchandise related to the promotion of her album and tour titled "Mayhem."

32. Lady Gaga and Bravado has advertised goods under the infringing trademark on social media and the internet.

33. Without Lost's consent, Lady Gaga and Bravado used and continue to use the infringing mark and logo in connection with the sale, offering for sale, distribution or advertising of their goods.

34. Lady Gaga and Bravado have engaged in infringing activity despite having constructive notice of Lost's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Lost's use of the Mark and Stylized Mark.

35. Lady Gaga and Bravado's actions are likely to mislead the public into concluding that their goods originate with or are authorized by Lost, which will damage both Lost and the public. Lost has no control over the quality of goods sold by Lady Gaga or Bravado and because of the source of confusion caused by Lady Gaga and Bravado, Lost has lost control over its valuable goodwill.

36. Upon information and belief, Lady Gaga and Bravado have advertised and offered goods for sale with the intention of misleading, deceiving, or confusing consumers as to the origin of the goods and of trading on Lost's reputation and goodwill. Lady Gaga and Bravado's use of the Mark constitutes willful, deliberate, and intentional trademark infringement.

37. Lost has requested in writing that Lady Gaga cease and desist from its infringing actions, but Lady Gaga has failed to comply.

38. Lady Gaga and Bravado's unauthorized use of the Mark and a logo substantially similar to the Stylized Mark in interstate commerce constitutes

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

9
SECOND AMENDED COMPLAINT

3430.067

trademark infringement under 15 U.S.C. § 1114 and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

39. As a direct and proximate result of Lady Gaga and Bravado's trademark infringement, Lost has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Lady Gaga and Bravado have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

40. Lady Gaga and Bravado's acts of infringement will cause further irreparable injury to Lost if Lady Gaga and Bravado are not restrained by this Court from further violation of Lost's rights. Lost has no adequate remedy at law.

41. Lady Gaga and Bravado's wrongful use of the Mark is knowing, deliberate, willful, fraudulent, and without extenuating circumstances. Lost is therefore entitled to recover its damages, Lady Gaga and Bravado's profits, and Lost's attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION
## Common Law Trademark Infringement

42. Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 41 of this First Amended Complaint, above as though fully set forth herein.

43. Lady Gaga and Bravado are and have been using the Mark in commerce in connection with the sale of merchandise associated with Lady Gaga's album, tour, and clothing in advertising and promotion to the public.

44. Lady Gaga and Bravado never sought nor received Lost's authorization to use its Mark in connection with the sale of merchandise associated with Lady Gaga's album, tour, and clothing.

45. Lady Gaga and Bravado's use of the Mark is confusingly similar to Lost's Mark and is likely to cause and/or has actually caused confusion in the marketplace by creating the false and mistaken impression that Lady Gaga's album, tour, and clothing are affiliated, connected or associated with Lost, or that they

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

10
SECOND AMENDED COMPLAINT
3430.067

1. originate with, or are sponsored or approved by Lost.

46. Lady Gaga and Bravado's purpose in using the Mark was and is to deceive, mislead and confuse customers and the public into believing that Lady Gaga and Bravado's merchandise, album or tour are affiliated, connected or associated with Lost, or that they originate with, or are sponsored or approved by Lost.

47. Lady Gaga and Bravado's use of the confusingly similar Mark violates the common law of the State of California.

48. Lady Gaga and Bravado's use of the Mark has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Lost in the diminution of their value and goodwill as trademarks, and in their impairment to serve as trademarks, for which Lost has no adequate legal remedy.  Accordingly, Lost is entitled to preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

49. As a direct and proximate result of Lady Gaga and Bravado's wrongful conduct, Lost has been and will continue to be damaged by, without limitation, loss of profit, and diminution in the value of the Mark and in its reputation and goodwill, in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### False Designation of Origin Under 15 U.S.C § 1125(a)

50. Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 49 of this First Amended Complaint, above as though fully set forth herein.

51. Lady Gaga and Bravado have engaged in the use of the Mark so similar to that of Lost's on her album, tour, and clothing as to be likely to cause confusion, to cause mistake, or to deceive.

52. Lost's Mark is valid.

53. Lost, and no other person or organization, owns the Mark.

54. Lost has used the Mark continuously in commerce since at least as early

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

11
SECOND AMENDED COMPLAINT
3430.067

as 1992.

55. The Mark is inherently distinctive, in that it is an arbitrary mark whose words bear no relation to the products that Lost offers in connection with the Mark in commerce.

56. The consuming public interprets the Mark to be (a) an identification of the products that Lost offers in connection with the Mark's use in commerce and (b) a representation of the origin of those products or services.

57. Lost is engaged in extensive advertising that links the Mark and Lost, the provider of the goods advertised under the Mark.

58. Specifically, MAYHEM® and its related stylization have been advertised to the public as clothing sold by Lost.

59. Lady Gaga and Bravado's use of "Mayhem" and/or the infringing and identical mark used on their merchandise and Lady Gaga's album/tour advertisement is likely to create confusion concerning the origin of the goods that Lost provides under the Mark.

60. Consumers viewing or becoming aware of the Mark will likely assume that the products that it represents are associated with the source of a different product identified by a similar mark, namely, Lost's Mark MAYHEM®.

61. Lost's Mark is a strong mark, as the consuming public recognizes it and associates it with the products provided by Lost under the Mark.

62. Lady Gaga and Bravado intend to use, or have already used, the Mark in connection with the same, related, or complementary goods and products as the products provided by Lost under the Mark.

63. Lost's Mark and the Mark as used by Lady Gaga and Bravado are exactly similar in appearance, sound and meaning and the overall impression created in the marketplace by the two marks is similar or identical.

64. Use of the Mark by Lady Gaga and Bravado has led to instances of actual confusion in the marketplace among or by members of the consuming public.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

12
SECOND AMENDED COMPLAINT

3430.067

65. Lady Gaga and Bravado, in appropriating the name and identifiable script/logo "Mayhem" to identify similar products, even though Lady Gaga and Bravado are well aware Lost owns the Mark, knowingly intend to derive benefit from the reputation of Lost's Mark and further knowingly intend to cause a likelihood of confusion.

66. Lost's, Bravado's and Lady Gaga's products have been and are likely to be marketed in the same channels of commerce.

67. Lost's consumers, Bravado's consumers, and Lady Gaga's consumers, as members of the general public who respond to advertising materials, are not likely to have sufficient means to differentiate between Lost's Mark and the Mark as used by Lady Gaga and Bravado.

68. Lady Gaga and Bravado have infringed upon Lost's Mark using the Internet by using similar or identical marks, the products offered under the competing marks are strongly related and/or functionally identical, and Lost, Bravado and Lady Gaga are engaged in the simultaneous use of the Internet as a marketing channel to promote their marks.

69. There is substantial likelihood of confusion between Lost's Mark and the Mark as used by Lady Gaga and Bravado.

70. Lady Gaga and Bravado's conduct constitutes willful trademark infringement, false designation of origin, and unfair competition under Section 43(a) of the Lanham Act, U.S.C. § 1125(a).

71. Lost has suffered actual damages as a result of Lady Gaga and Bravado's willful trademark infringement, false designation of origin, and unfair competition in an amount to be proven at trial. Additionally, the harm to Lost arising out of Lady Gaga and Bravado's acts is not fully compensable by money damages and Lost has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless Lady Gaga and Bravado's conduct is preliminarily and permanently enjoined.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

13
SECOND AMENDED COMPLAINT

3430.067

72. Lady Gaga and Bravado's conduct as described above is willful and intentional. As a result, Lost is further entitled to enhanced damages and an award of costs and attorneys fees under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). In addition, Lost is entitled to recover Lady Gaga and Bravado's profits and reasonable royalties as damages.

## FOURTH CAUSE OF ACTION

### Unfair Business Practices Under California Bus. & Prof. Code § 17200

73. Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 72 of this First Amended Complaint, above as though fully set forth herein.

74. Lady Gaga and Bravado's conduct as alleged herein constitutes unlawful, unfair, or fraudulent business acts or practices within the meaning of California Business and Professions Code Section 17200.

75. Lady Gaga and Bravado's wrongful conduct has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Lost for which Lost has no adequate legal remedy.

## FIFTH CAUSE OF ACTION

### Common Law Unfair Competition

76. Lost hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 75 of this First Amended Complaint, above as though fully set forth herein.

77. Lady Gaga and Bravado's use of the Mark and designations are identical in meaning to the Mark as used by Lost.

78. Lady Gaga and Bravado's misconduct constitutes unfair competition in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and injurious to consumers.

79. As a direct and proximate result of Lady Gaga and Bravado's wrongful conduct, Lost has been and will continue to be damaged by, without limitation, loss

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

14
SECOND AMENDED COMPLAINT

3430.067

of profit, and diminution in the value of the Mark and in its reputation and goodwill, in an amount to be proven at trial.

80. The acts of unfair competition alleged herein are committed with oppression, fraud, and malice. Specifically, Lady Gaga and Bravado used the Mark with knowledge that Lost owns the exclusive right to such use. Lady Gaga and Bravado's continuing use of the Mark is unauthorized and causes consumer confusion, resulting in continuing injury to Lost.

81. Lost requests the imposition of exemplary damages pursuant to California Civil Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, Lost asks the Court for the judgment and relief for Lost and against Lady Gaga and Bravado as follows:

82. That Lady Gaga and Bravado infringed Lost's rights in violation of 15 U.S.C. § 1114 and the common law of the state of California;

83. That Lady Gaga and Bravado falsely designated the origin of her goods in violation of 15 U.S.C. § 1125(a);

84. That Lady Gaga and Bravado infringed Lost's rights in violation of the common law of the State of California;

85. That Lady Gaga and Bravado's conduct violates California Business and Professions Code Section 17200, et seq.;

86. For an award of damages as Lost has sustained in an amount proven at trial;

87. For an accounting of Lady Gaga and Bravado's proceeds as a result of her infringement of the Mark;

88. For disgorgement of Lady Gaga and Bravado's profits;

89. For punitive or exemplary damages;

90. For interest, including prejudgment and post-judgment interest, on the foregoing sums;

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

15
SECOND AMENDED COMPLAINT

3430.067

91. For costs of the action incurred herein;

92. For attorneys' fees;

93. For a judicial declaration that Lost has rights in the Mark and any other colorable imitations thereof in connection with clothing sold in commerce;

94. For an injunction temporarily, preliminarily and permanently enjoining Lady Gaga, her employees, agents, attorneys, successors, affiliates, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise or promote any goods and/or services bearing the Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Lost's marks;

    b. engaging in any activity that infringes Lost's rights in its marks;

    c. engaging in any activity constituting unfair competition with Lost;

    d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Lady Gaga's goods and/or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Lost or (ii) Lost's goods and/or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Lady Gaga and Bravado;

    e. using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Lost or tend to do so;

    f. registering or applying to register any trademark, service mark,

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3430.067

domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Mark or any other mark that infringes or is likely to be confused with Lost's marks, or any goods or services of Lost, or Lost as their source; and

    g.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

95.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Lady Gaga and Bravado file with the Court and serve upon Lost's counsel within thirty (30) days after service on Lady Gaga and Bravado of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Lady Gaga and Bravado have complied therewith;

96.    For such additional and further relief as this court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. Proc. 38, Lost demands a trial by jury on all claims and issues triable to a jury in this action.

Dated: December 29, 2025        BREMER WHYTE BROWN & O'MEARA LLP

By: */s/ Olivia Zorayan*
Olivia Zorayan
Keith G. Bremer
Benjamin Price
Attorneys for Plaintiff
LOST INTERNATIONAL, LLC, a
California limited liability company

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

17
SECOND AMENDED COMPLAINT
3430.067

# EXHIBIT A



# MAYHEM

| | |
|---|---|
| **Reg. No. 4,790,623** | LOST INTERNATIONAL, LLC (CALIFORNIA LIMITED LIABILITY COMPANY) |
| **Registered Aug. 11, 2015** | 170 TECHNOLOGY DRIVE<br>IRVINE, CA 92618 |
| **Int. Cl.: 25** | FOR: BEANIES; CAPS; JACKETS; PANTS; SANDALS; SHORTS; T-SHIRTS; TANK TOPS, IN CLASS 25 (U.S. CLS. 22 AND 39). |
| **TRADEMARK** | FIRST USE 9-15-1988; IN COMMERCE 1-15-1992. |
| **PRINCIPAL REGISTER** | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR. |
| | SER. NO. 86-520,340, FILED 1-30-2015. |
| | DOMINIC J. FERRAIUOLO, EXAMINING ATTORNEY |



Director of the United States
Patent and Trademark Office