GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER, *pro hac vice*
OSnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

HOWARD S. HOGAN, *pro hac vice*
HHogan@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.887.3640
Facsimile: 202.530.9550

ILISSA SAMPLIN, SBN 314018
ISamplin@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7354
Facsimile: 213.229.6354

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOST INTERNATIONAL, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEFANI JOANNE ANGELINA GERMANOTTA, A.K.A. LADY GAGA, an individual; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 8:25-cv-00592-FMO-KES<br><br>**DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Action Filed:   March 25, 2025<br>Trial Date:       August 11, 2026 |

I, Ilissa Samplin, declare as follows:

1. I am an attorney admitted to practice law before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and I represent Stefani Joanne Angelina Germanotta ("Lady Gaga") and Bravado International Group Merchandising Services, Inc. ("Bravado") in the above-captioned matter. I am over the age of 18 and make this declaration based on my personal knowledge in support of Defendants' Motion to Dismiss Plaintiff Lost International, LLC's Second Amended Complaint.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Meriam-Webster dictionary definition of "mayhem," which notes that "nowadays, mayhem can be used to suggest any kind of chaos or disorder."

3. As of January 15, 2026, there were 204 live trademark registrations for word marks containing "mayhem" on the U.S. Patent & Trademark Office ("PTO") website. Attached hereto as **Exhibit B** is a true and correct PDF printout of the results generated by searching the PTO's Trademark Search database for all pending and registered word marks containing the word "mayhem" on January 15, 2026. Attached hereto as **Exhibit C** is a true and correct PDF copy of the report generated by the Trademark Search database based on the same results.

4. Attached hereto as **Exhibit D** is a true and correct copy of Exhibit 1 to Ashley Fogerty's declaration in support of Lady Gaga's opposition to Lost's motion for a preliminary injunction, Dkt. 19-10, which itself is a true and correct copy of a webpage from Lady Gaga's website (ladygaga.com) that shows images of Lady Gaga's promotional merchandise relating to her album titled *Mayhem* and her worldwide concert tour under the same name (*The Mayhem Ball*). Lost did not dispute the authenticity of this exhibit. *See* Dkt. 25.

5. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff's Exhibit E to Lost's motion for a preliminary injunction, Dkt. 15-4 at 35, which displays some of Lady Gaga's merchandise as shown on her website (ladygaga.com).

6. Attached hereto as **Exhibit F** is a true and correct copy of the email

1  correspondence between counsel for the parties from September 24, 2025, to January 7, 2026.

2. 

3  7. On December 24, 2025, counsel for Defendants emailed counsel for Lost, requesting that the parties meet and confer on Defendants' forthcoming motion to dismiss the Second Amended Complaint. Counsel stated that "the Second Amended Complaint asserts the exact same claims as the prior complaint, and the Court has already determined that those claims are 'barred' by *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). Dkt. 41 at 4-6. Lost's claims independently fail because Ms. Germanotta's use of 'Mayhem' is protected fair use, Lost does not own any rights in the unregistered stylized version of 'mayhem,' and Lost has failed to plausibly allege likelihood of confusion." Ex. 8 at 4-5.

8. I, along with my colleague Shaun A. Mathur, met and conferred with Olivia Zorayan, counsel for Lost, on December 29, 2025, via Zoom. During the parties' meet and confer, which lasted approximately 12 minutes, I and Mr. Mathur explained that the Court's order denying Lost's motion for a preliminary injunction demonstrates that Lost cannot state a claim that survives *Rogers*, and asked Ms. Zorayan to explain how Lost could overcome application of *Rogers* in light of the Court's decision. Ms. Zorayan argued that the Court's ruling was based on the evidence presented in the motion for preliminary injunction. During the meet and confer, I also stated that Defendants would be filing, along with the motion to dismiss the Second Amended Complaint, a motion to stay discovery pending resolution of the motion to dismiss. Ms. Zorayan indicated that Lost would oppose both of Defendants' anticipated motions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2026, in Los Angeles, California.

By: /s/ Ilissa Samplin
Ilissa Samplin