UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOST INTERNATIONAL, LLC,<br>Plaintiff,<br>v.<br>STEFANI JOANNE GERMANOTTA, et al.,<br>Defendants. | Case No. SA CV 25-00592 FMO (KESx)<br><br>**ORDER RE: MOTION TO DISMISS** |

Having reviewed and considered all the briefing filed with respect to Stefani Joanne Angelina Germanotta ("Lady Gaga") and Bravado International Group Merchandising Services, Inc.'s (collectively, "defendants") Motion to Dismiss (Dkt. 50, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**

This case arises from defendants' alleged infringement of Lost International, LLC's ("Lost" or "plaintiff") trademark ("the Mark"). Lost, a company that was founded in 1985, is a surf and lifestyle brand that "sells clothing and accessories with the Mark, often as a stylized form[.]" (See Dkt. 44, Second Amended Complaint ("SAC") at ¶¶ 13 & 15). According to Lost, it uses the Mark "in connection with surfboards, surf equipment, clothing, accessories, and surf videos, in over 30 countries worldwide." (Id. at ¶ 13).

Lost has used the trademark MAYHEM® since 1986. (See Dkt. 44, SAC at ¶¶ 13-14). The Mark was registered on August 11, 2015, as U.S. Reg. No. 4,790,623. (See id. at ¶ 14). Plaintiff alleges that "[t]he Mark has . . . acquired distinctiveness through over three decades of use" and that "[t]he consuming public recognizes Lost's Mark and associates it with Lost." (Id. at ¶¶ 29-30).

Lady Gaga is a musician, artist, songwriter, and actress. (See Dkt. 44, SAC at ¶ 3). On March 7, 2025, she released a music album entitled, "Mayhem." (Id.). Lady Gaga also announced a worldwide concert tour under the "Mayhem" name. (See id.). Plaintiff alleges that before the album was released, defendants began selling t-shirts and other items of clothing "with the Mark prominently displayed on it, with a nearly identical design as used by Lost on its own products." (See id.). According to plaintiff, defendants have "unilaterally, and without Lost's permission or knowledge, attempted to misappropriate the MAYHEM® name, trademark, and stylized mark by releasing an album entitled 'Mayhem,' launching a tour with that same name, and selling clothing and accessories with that name." (Id. at ¶ 17).

On May 8, 2025, Lost filed a motion for a preliminary injunction ("PI Motion"), seeking to enjoin "Lady Gaga from marketing and selling clothing and headwear that bear the infringing . . . Mark that are likely to cause and have already caused confusion among Lost's customers and irreparable injury to Lost, jeopardizing its brand, reputation and goodwill." (Dkt. 17, Memorandum of Points and Authorities in Support of PI Motion at 2). The court denied the PI Motion because Lost failed to show a likelihood of success on its Lanham Act claims based on the test set forth in Rogers v. Grimaldi, 875 F.2d 994 (2d Cir. 1989). (See Dkt. 41, Court's Order of December 15, 2025, at 4-6).

At the time plaintiff filed its PI Motion, the First Amended Complaint ("FAC") was the operative complaint. (Dkt. 14). Approximately a week after the court issued its order explaining the deficiencies in plaintiff's Lanham Act claims, (see Dkt. 41, Court's Order of December 15, 2025), the court granted plaintiff leave to file a Second Amended Complaint no later than December 29, 2025. (See Dkt. 43, Court's Order of December 23, 2025, at 2-3). Putting aside the various meet and confers with opposing counsel that put plaintiff on notice regarding the deficiencies underlying its claims, plaintiff had two weeks after the court issued its decision

denying the PI Motion to prepare its SAC. But the allegations in the SAC are virtually identical to those in the FAC, and assert the same claims for: (1) federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (2) common law trademark infringement; (3) federal false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (4) state law unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; and (5) common law unfair competition. (See Dkt. 44, SAC at ¶¶ 23-81).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93,

---

[1] All further "Rule" references are to the Federal Rules of Civil Procedure unless otherwise indicated.

127 S.Ct. 2197, 2200 (2007) (per curiam) (internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. See Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984), abrogated on other grounds by Neitze v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989); 2 Moore's Federal Practice § 12.34[4][b] ("Dismissal under Rule 12(b)(6) . . . is also appropriate when a successful affirmative defense or other bar to relief on the claim is conclusively established on the face of the complaint.").

## DISCUSSION

### I. WHETHER PLAINTIFF HAS MET ITS BURDEN UNDER THE ROGERS TEST.

The court begins with plaintiff's Lanham Act claims. The Lanham Act, 15 U.S.C. § 1051, et seq., "creates a comprehensive framework for regulating the use of trademarks and protecting them against infringement, dilution, and unfair competition." Punchbowl, Inc. v. AJ Press, LLC, 90 F.4th 1022, 1027 (9th Cir. 2024) (internal quotation marks omitted). "Traditionally, courts apply a likelihood-of-confusion test to claims brought under the Lanham Act[,]" which asks "whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." Id. (internal quotation marks omitted).

However, when an allegedly infringing use of a mark is an expressive work, the Ninth Circuit applies the Second Circuit's test in Rogers to determine whether the Lanham Act applies. See Twentieth Century Fox Television v. Empire Distrib., Inc., 875 F.3d 1192, 1196 (9th Cir. 2017). Expressive works are treated differently from other covered works because: "(1) they

implicate the First Amendment right of freedom of speech, which must be balanced against the public interest in avoiding consumer confusion; and (2) consumers are less likely to mistake the use of someone else's mark in an expressive work for a sign of association, authorship, or endorsement." Id.

Under the Rogers test, the defendant must first "make a threshold legal showing that its allegedly infringing use is part of an expressive work protected by the First Amendment." Punchbowl, Inc., 90 F.4th at 1028 (internal quotation marks omitted). The burden then shifts to the plaintiff to show that "the defendant's use of the mark (1) is not artistically relevant to the work or (2) explicitly misleads consumers as to the source or the content of the work." Id. (internal quotation marks omitted). "Neither of these prongs is easy to meet." Dr. Seuss Enters., L.P. v. ComicMix LLC, 983 F.3d 443, 462 (9th Cir. 2020).

With respect to the first Rogers prong, "any artistic relevance above zero means the Lanham Act does not apply unless the use of the trademark is explicitly misleading." Dr. Seuss Enters., L.P., 983 F.3d at 462 (internal quotation marks omitted). To satisfy the second prong, there generally must be "an explicit indication, overt claim, or explicit misstatement about the source of the work," which is a "high bar[.]" Id. (internal quotation marks omitted). "If the plaintiff satisfies both elements, it still must prove that its trademark has been infringed by showing that the defendant's use of the mark is likely to cause confusion." Gordon v. Drape Creative, Inc., 909 F.3d 257, 265 (9th Cir. 2018).

As an initial matter, Lost does not meaningfully dispute that defendants' use of the Mark was artistically relevant to an expressive work, (see, generally, Dkt. 56, Plaintiff's Opposition to Motion to Dismiss ("Opp.")), and therefore concedes these aspects of the Rogers test. See, e.g., E.S.S. Ent. 2000, Inc. v. Rock Star Videos, Inc., 547 F.3d 1095, 1099-1100 (9th Cir. 2008) (noting that plaintiff conceded the video game at issue is an expressive work and that the Rogers test applies). Accordingly, whether Lost can state a viable Lanham Act claim turns on the second Rogers prong, i.e., whether defendants' alleged use of the Mark was explicitly misleading as to the source of the work. See Dr. Seuss Enters., L.P., 983 F.3d at 462; Gordon, 909 F.3d at 269 ("The key here is [whether] the creator . . .explicitly misle[d] consumers[.]") (internal quotation

marks and alteration omitted) (emphasis in original).

Here, Lost alleges that defendants' "actions are likely to mislead the public into concluding that their goods originate with or are authorized by Lost" and that defendants "advertised and offered goods for sale with the intention of misleading, deceiving, or confusing consumers as to the origin of the goods[.]" (Dkt. 44, SAC at ¶¶ 35-36, 46). Lost also alleges that defendants "intended to implant a false understanding among consumers, marketers, advertisers, and others[,]" and that their "purpose in using the Mark was and is to deceive, mislead and confuse customers and the public[.]" (Id. at ¶¶ 22, 46). These allegations are conclusory and insufficient to constitute an "explicit indication, overt claim, or explicit misstatement" identifying Lost as the source of Lady Gaga's work. See Twentieth Century Fox Television, 875 F.3d at 1199 (internal quotation marks omitted). "[T]he use of a mark alone is not enough to satisfy this prong of the Rogers test[,]" id. (internal quotation marks omitted), and nothing in the SAC suggests or otherwise indicates an affirmative misrepresentation in connection with the source or the content of Lady Gaga's work. In short, Rogers bars plaintiff's Lanham Act claims.[2] See, e.g., Caiz v. Roberts, 382 F.Supp.3d 942, 951 (C.D. Cal. 2019) ("Plaintiff only provides legal argument that Defendants' use of 'Mastermind' in the same way is explicitly misleading, but points to no evidence indicating that Defendants' use even 'implicitly suggest[s]' that the album is associated with Plaintiff, let alone any evidence of an overt association."); Belin, 2022 WL 2192999, at *7 ("Plaintiff's allegations are limited to Defendants' use of the BMF Mark in the Series and in connection with related marketing and promotional merchandise. As such, the Complaint insufficiently alleges an explicit indication, overt claim, or explicit misstatement linking Plaintiff to the Series.") (internal quotation marks omitted).

---

[2] Plaintiff's derivative state statutory and common law claims are also barred. See E.S.S. Ent. 2000, Inc., 547 F.3d at 1101 (holding that "the First Amendment defense applies equally to [plaintiff]'s [California] state law claims [of unfair competition and trademark infringement] as to its Lanham Act claim"); see, e.g., Belin v. Starz Ent., LLC, 2022 WL 2192999, *5 n. 5 (C.D. Cal. 2022) (dismissing plaintiff's state law claims as barred by Rogers); Stewart Surfboards, Inc v. Disney Book Grp., LLC, 2011 WL 12877019, *8 (C.D. Cal. 2011) (same). In any event, the court agrees with defendants that the fair use and aesthetic functionality defenses apply here. (See Dkt. 50, Motion at 10-14).

II. WHETHER FURTHER LEAVE TO AMEND SHOULD BE GRANTED.

Rule 15 provides that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (noting the policy favoring amendment must "be applied with extreme liberality."). However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Rsch, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971). This discretion is guided by an examination of several factors, including whether: (1) the amendment causes the opposing party undue prejudice; (2) the amendment is sought in bad faith; (3) the amendment causes undue delay; (4) the amendment constitutes an exercise in futility; and (5) the plaintiff has previously amended his or her complaint. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 & n. 3 (9th Cir. 1987).

Here, plaintiff has had three opportunities to state viable claims. In addition, plaintiff has been on notice of the deficiencies in its Lanham Act claims through meet and confers with opposing counsel, (see Dkt. 50-1, Declaration of Ilissa Samplin in Support of Motion to Dismiss at ¶¶ 7-8), and the Court's Order of December 15, 2025, identifying those deficiencies. (See Dkt. 41, Court's Order of December 15, 2025, at 4-6). Plaintiff did not put forth sufficient allegations in the SAC to address those deficiencies. (See, generally, Dkt. 44, SAC). In short, having liberally construed and assumed the truth of the allegations in the SAC, the court is persuaded that giving plaintiff another opportunity to amend would be futile. See, e.g., Stewart Surfboards, Inc, 2011 WL 12877019, at *8 (denying leave to amend where trademarks claims were dismissed under the Rogers test and "any amendment would be futile"); Haas Automation, Inc. v. Steiner, 750 F.Supp.3d 1107, 1119 (C.D. Cal. 2024) ("Because Haas Automation can make no additional allegations to avoid the Rogers test, this Court finds that amendment is futile."); see Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here [plaintiffs have] previously been granted leave to amend and [have] subsequently failed to add the requisite particularity to [their] claims, the district court's discretion to deny leave to amend is particularly broad.") (internal quotation marks and alteration omitted); Gonzalez v. Planned Parenthood of Los Angeles, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[T]he district court's discretion in denying

amendment is 'particularly broad' when it has previously given leave to amend."); Abcarian v. Levine, 972 F.3d 1019, 1032 (9th Cir. 2020) ("The district court . . . did not err in denying leave to amend and in dismissing Plaintiffs' federal claims with prejudice."); see also Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Based on the foregoing, IT IS ORDERED THAT defendants' Motion to Dismiss **(Document No. 50)** is **granted**. Plaintiff's Second Amended Complaint is dismissed without leave to amend. Judgment shall be entered accordingly.

Dated this 18th day of August, 2026.

/s/
Fernando M. Olguin
United States District Judge