BREMER WHYTE BROWN & O'MEARA LLP
Keith G. Bremer, State Bar No. 155920
kbremer@bremerwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerwhyte.com
Olivia Zorayan, State Bar No. 352064
ozorayan@bremerwhyte.com
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001
KNOBBE, MARTENS, OLSON & BEAR, LLP
Steven J. Nataupsky, State Bar No. 155913
steven.nataupsky@knobbe.com
2040 Main Street
14th Floor
Irvine, CA 92614
Telephone: 949-760-0404

Attorneys for Plaintiff,
LOST INTERNATIONAL, LLC, a California
limited liability company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOST INTERNATIONAL, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEFANI JOANNE ANGELINA GERMANOTTA aka LADY GAGA an individual; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., a California Corporation and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 8:25-cv-00592 FMO (KESx)<br><br>Judge: Hon. Fernando M. Olguin<br><br>**PLAINTIFF LOST INTERNATIONAL, LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES**<br><br>Date: October 15, 2026<br>Time: 10:00 a.m.<br>Dept: 6D<br><br>Complaint Filed: March 25, 2025 |

Plaintiff LOST INTERNATIONAL, LLC ("Lost") submits the following memorandum of points and authorities in opposition to Defendants STEFANI JOANNE ANGELINA GERMANOTTA aka LADY GAGA ("Lady Gaga") and BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.'s

("Bravado," and together with Lady Gaga, "Defendants") Motion for Attorneys' Fees.

Dated: September 24, 2026

BREMER WHYTE BROWN & O'MEARA LLP

By: */s/ OLIVIA ZORAYAN*
Keith G. Bremer
Benjamin Price
Olivia Zorayan
Attorneys for Plaintiff
LOST INTERNATIONAL, LLC, a California limited liability company

# TABLE OF CONTENTS

Page


I. INTRODUCTION ........ 1

II. LEGAL STANDARD ........ 2

III. ARGUMENT ........ 3

a. Lost's Claims Rested on a Registered Mark and Its Rightful Attempt to Protect It ........ 3

b. Continuing to Litigate After an Interlocutory Ruling Is Not Objectively Unreasonable ........ 4

c. Lost's Notice of Lady Gaga's Deposition Reflects Ordinary Discovery Conduct, Not an Improper Purpose ........ 5

d. Speculation About Motive and Press Coverage Is Not a Basis for Fee-Shifting ........ 6

e. Defendants' Cited Fee Cases Involved Materially Different Records ........ 7

f. In the Alternative, the Requested Fee Award Is Excessive and Should Be Substantially Reduced ........ 8

IV. CONCLUSION ........ 9

CERTIFICATE OF COMPLIANCE ........ 10


BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 437 (1983) .......... 8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 .......... 1, 2

*Sazerac Co. v. Fetzer Vineyards, Inc.*, 786 F. App'x 662 (9th Cir. 2019) .......... 7

*Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677 (9th Cir. 2012) .......... 7

*Spalding Lab'ys, Inc. v. Ariz. Biological Control, Inc.*, 2008 WL 2227501 (C.D. Cal. May 29, 2008) .......... 7

*SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 .......... 2

*ThermoLife Int'l, LLC v. BPI Sports, LLC*, __ F.4th __, 2026 WL 2409839 (9th Cir. Aug. 18, 2026) .......... 7

*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) .......... 4

**Statutes**

15 U.S.C. § 1117(a) .......... 2

**Rules**

Federal Rule of Civil Procedure 30(d)(1) .......... 5

Rule 12(b)(6) .......... 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants seek $232,484.50 in attorneys' fees by attempting to transform routine litigation conduct into an "exceptional case." Their theory is sweeping: a trademark owner that holds a federal registration covering the very goods at issue acts unreasonably by pursuing its claims after an adverse preliminary ruling, amending its pleading, seeking discovery from a named defendant, and opposing dismissal. If that were enough, "exceptional" would cease to have any meaningful limit. Section 35(a) of the Lanham Act reserves fee-shifting for cases that actually stand out from the rest, not cases that simply end in judgment for the defendant. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

Attorneys' fees are the exception, not a consolation prize for the prevailing party, and this case does not stand out. Lost owns a Class 25 federal trademark registration covering the identical class of goods at issue and brought suit to protect that mark against its use on Lady Gaga's "Mayhem"-branded apparel. Defendants ultimately prevailed under the *Rogers* First Amendment framework, a fact-intensive defense turning on artistic relevance and explicit misleadingness. Defendants now attempt to recast that merits ruling, with the benefit of hindsight, as proof that Lost's claims were unreasonable from the outset. It proves no such thing.

Next, Defendants claim that this action was a "publicity stunt," relying on timing and press coverage to infer an improper motive. However, neither establishes that Lost brought this action for any purpose other than to enforce its asserted trademark rights.

Defendants' cited authorities underscore the distinction. The cases on which they rely involved materially different circumstances: repeated dismissals of the same claims, developed evidentiary records demonstrating the absence of proof, and ignored judicial warnings. This case involved one preliminary-injunction ruling on an undeveloped record, followed by dismissal at the pleading stage after discovery

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

had been stayed. That is not the pattern of objectively unreasonable persistence those cases address.

Strip away the rhetoric about publicity stunts and press coverage, none of which bears on whether Lost's claims were objectively unreasonable, and what remains is an ordinary case that was adjudicated on a Motion to Dismiss. That entitles Defendants to a judgment, not to $232,484.50.

Further, Defendants' fee request is substantial, not "modest." Even if the Court were to find this case exceptional, the amount Defendants request is inflated. A blended hourly rate of roughly $1,604 and 144.9 hours devoted to an opposition to amendment, a motion to dismiss, a stay application, and a reply, much of it billed by two associates working in parallel, is not the "modest" request Defendants describe. If the Court reaches the amount of fees, Defendants should be required to establish that both the rates and the hours claimed are reasonable and nonduplicative.

For the reasons outlined below, Lost respectfully requests that the Court deny Defendants' Motion for Attorneys' Fees or, in the alternative, substantially reduce any award.

## II. LEGAL STANDARD

Section 35(a) of the Lanham Act permits a fee award only "in exceptional cases." 15 U.S.C. § 1117(a). An exceptional case is one that "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. The moving party bears the burden of establishing exceptionality by a preponderance of the evidence. *Id.* at 557–58. The Ninth Circuit applies that standard to Lanham Act fee requests and directs courts to consider the totality of the circumstances, including frivolousness, motivation, objective unreasonableness, and considerations of compensation and deterrence. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc).

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

The question, then, is whether Defendants have shown that Lost's position or conduct made this case stand out from others. An adverse ruling on the merits does not, by itself, establish that the claims were exceptionally weak when asserted or that Lost litigated them unreasonably. See *Octane Fitness*, 572 U.S. at 554.

## III. ARGUMENT

### a. Lost's Claims Rested on a Registered Mark and Its Rightful Attempt to Protect It.

Defendants' entire "exceptional from the outset" theory rests on hindsight. Lost owns a Class 25 trademark registration and initiated this lawsuit against Lady Gaga, and later Bravado, over the use of that mark on apparel, the precise category the registration covers. The existence of that registration supplied a concrete trademark interest that distinguishes this case from litigation built on no cognizable right at all. Defendants prevailed because the Court concluded that *Rogers* barred the Lanham Act claims and later concluded that fair use and aesthetic functionality provided additional defenses. Those conclusions resolve the merits; they do not establish that the contrary position was frivolous when asserted. *Rogers* required application of an expressive-use framework to the particular use challenged, including whether the use was artistically relevant and explicitly misleading. Lost's failure to satisfy that framework does not convert the attempt to litigate its scope into an exceptional case.

The same is true of Defendants' emphasis on the absence of an identified confused consumer or diverted sale. This action was dismissed at the pleading stage, and discovery was stayed before the record could be developed. Defendants cannot simultaneously obtain a stay limiting development of the factual record and then treat the absence of a developed evidentiary record as proof that Lost litigated without basis. Nothing about these circumstances transforms an unsuccessful trademark claim into an exceptional case warranting fees.

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

**b. Continuing to Litigate After an Interlocutory Ruling Is Not Objectively Unreasonable.**

Defendants' second theory asks the Court to treat the denial of a preliminary injunction as a final adjudication that should have ended the case. However, a preliminary-injunction ruling is, by design, a provisional assessment of likely success made on an undeveloped record and does not require a plaintiff to abandon its claims the moment it loses one. Findings and conclusions made at that stage do not bind the ultimate merits determination. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). A plaintiff is not required to dismiss its action merely because the Court concludes at an early stage that it is unlikely to succeed.

Nor does the fact that the Second Amended Complaint was later described as "virtually identical" establish misconduct. The Court granted Lost leave to amend its First Amended Complaint to add Bravado as an additional defendant after Lost learned of Bravado's involvement through routine discovery. This Court's ultimate finding that the Second Amended Complaint was insufficient does not retroactively convert the attempt into misconduct. If it did, every amended pleading later dismissed following an adverse ruling would expose the plaintiff to fee-shifting, a result *Octane Fitness* does not support.

Defendants likewise characterize Lost's continued discovery efforts and opposition to dismissal as though they were independent misconduct. They were not. Until discovery was stayed and the operative pleading dismissed, Lost remained a litigant entitled to advocate for its position subject to the Court's orders and the Federal Rules of Civil Procedure. Defendants used the available procedural mechanisms to challenge that conduct and prevailed. The fact that the litigation process resolved those disputes in Defendants' favor does not make Lost's participation in that process exceptional.

Nor does opposing a motion to dismiss, or seeking discovery while that motion was pending, transform ordinary advocacy into an "exceptional" litigation

strategy. Every one of the litigation steps Defendants recite, including the discovery meet-and-confer letter, the discovery requests, and the opposition to dismissal, is something Lost was entitled to do while its pleading remained operative.

**c. Lost's Notice of Lady Gaga's Deposition Reflects Ordinary Discovery Conduct, Not an Improper Purpose.**

Defendants' next accusation is that Lost noticed Lady Gaga's deposition not to obtain evidence, but to burden her touring schedule and force a settlement. However, Defendants' Motion fails to establish that purpose beyond its speculation and rhetoric. Lady Gaga was a named defendant, and seeking the deposition of a named party concerning the allegations against her is not inherently abusive. Federal Rule of Civil Procedure 30(d)(1) presumptively permits one day of seven hours for a deposition. Fed. R. Civ. P. 30(d)(1). Lost's request seeking the full day the Rules allow, from a named party, is ordinary discovery by definition, and Defendants offered only three hours on a single date, less than half of what Rule 30 allows. The parties' disagreement over the deposition's length does not transform the notice into extortionate conduct.

Defendants' description of the deposition notice as a "cudgel" therefore assumes that burden, rather than discovery, was Lost's purpose. Defendants do not and cannot point to any testimony, communication, or other evidence to establish that Lost insisted on Lady Gaga's deposition to burden her rather than to obtain testimony relevant to Lost's claims and investigate the origin and procedure of selecting her album title and designing its stylization. Celebrity status does not insulate a named defendant from the ordinary obligations of litigation, including appropriate discovery. The Court should not infer an improper purpose merely because the requested deposition would have been inconvenient to a prominent defendant.

///

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

**d. Speculation About Motive and Press Coverage Is Not a Basis for Fee-Shifting.**

Defendants devote substantial attention to the timing of the filing, the amount initially demanded, and press interviews by Lost's co-founder. From those facts, they ask the Court to infer that the action was never intended to vindicate trademark rights and existed only to obtain publicity and leverage. The inference does not follow.

A lawsuit concerning a high-profile defendant predictably attracts press coverage. Discussing that lawsuit publicly does not establish that publicity caused the lawsuit to be filed. Nor does filing near an album release or tour announcement establish an improper motive where the challenged use was itself connected to that release and tour. The same timing is consistent with Lost becoming aware of, and responding to, the allegedly infringing use as Defendants' "Mayhem" campaign expanded. Defendants even acknowledge that the Mayhem merchandise went on sale in January 2025, and Lost filed suit on March 25, 2025. Dkt. 66 at 4, 10. Their assertion that a plaintiff concerned about confusion "moves quickly" thus cuts in Lost's favor. In fact, Lost promptly issued a meet-and-confer letter to Lady Gaga on March 11, 2025 (Dkt. 15-4 at ¶ 7, Exhibit I) and soon after filed its suit against Lady Gaga on March 25, 2025, roughly two months after the merchandise launched. The timing is consistent with Lost responding to the challenged use as Defendants' Mayhem campaign expanded. *Octane* permits consideration of motivation; it does not permit speculation to substitute for proof.

Lost's real purpose in filing its lawsuit was to protect a registration it owns in Class 25 against use of the identical word with nearly identical stylization on apparel. Enforcing a registered mark against a use on the very goods the registration covers is the paradigmatic, legitimate purpose of a Lanham Act suit. Nothing in Defendants' press exhibits shows otherwise.

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

**e. Defendants' Cited Fee Cases Involved Materially Different Records.**

Defendants rely principally on *Sazerac*, *ThermoLife*, *Spalding Laboratories*, and *Secalt* to argue that continued litigation after an adverse ruling may become objectively unreasonable. That general proposition does not answer whether it happened here. The circumstances of those cases matter.

*Sazerac Co. v. Fetzer Vineyards, Inc.*, 786 F. App'x 662 (9th Cir. 2019), involved a plaintiff that proceeded through a developed record toward trial while seeking injunctive relief despite the absence of evidence supporting irreparable harm. Here, Lost's operative complaint sought multiple forms of relief, the case was dismissed under Rule 12(b)(6), and discovery was stayed before Lost could develop a comparable evidentiary record. The rationale for finding persistence unreasonable on a completed record does not translate automatically to a pleading-stage dismissal.

*ThermoLife Int'l, LLC v. BPI Sports, LLC* likewise involved "repeated dismissals of [the] same claims, for the same reasons," which the Ninth Circuit viewed as a pattern of pursuing a meritless strategy. *ThermoLife Int'l, LLC v. BPI Sports, LLC*, __ F.4th __, 2026 WL 2409839 (9th Cir. Aug. 18, 2026). Lost did not repeatedly refile claims after multiple dismissals. It received an interlocutory preliminary-injunction ruling before the ultimate dismissal of the operative complaint. That is far from the "repeated" dismissals *ThermoLife* relied on in affirming a fee award.

*Spalding Laboratories* involved a plaintiff found to have "turned a blind eye to the Court's warnings." *Spalding Lab'ys, Inc. v. Ariz. Biological Control, Inc.*, 2008 WL 2227501 (C.D. Cal. May 29, 2008). Defendants identify no comparable sequence of judicial warnings here, aside from the ruling on Lost's early motion for preliminary injunction. In addition, *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.* involved an evidentiary failure. The plaintiff was unable to provide evidence supporting an essential proposition after having the opportunity to develop its case. *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677 (9th Cir. 2012). Lost's

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

case was stayed before a comparable record could be built. These decisions show that a case may become exceptional when a litigant persists despite a developed record or repeated adjudications demonstrating that its position cannot succeed. They do not establish that every plaintiff who continues after denial of preliminary relief must pay the prevailing defendant's fees.

**f. In the Alternative, the Requested Fee Award Is Excessive and Should Be Substantially Reduced.**

Even if the Court finds this case exceptional, Defendants bear the burden of establishing that both their hourly rates and the hours expended are reasonable; the Court is not required to accept counsel's own billing judgment at face value. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 437 (1983) (fee applicant "should submit evidence supporting the hours worked and rates claimed," and a court should exclude hours that are "excessive, redundant, or otherwise unnecessary"). Defendants seek $232,484.50 for 144.9 hours of post-ruling motion practice, at a blended effective rate of approximately $1,604 per hour. Dkt. 66-1 ¶ 22. Their description of that work as involving just 17.4 hours by "three supervising partners" omits Mathur, who became a partner on January 1, 2026. *Id.* ¶¶ 12, 22. Including his time after that date brings the partner hours sought to approximately 42 hours. *Id.* ¶ 20; Dkt. 66-2.

The records also warrant scrutiny for overlapping review. Warren drafted the motion to dismiss and reply, while Mathur, Hogan, and Samplin each recorded time reviewing or revising those briefs. Warren then recorded additional time incorporating their edits. Dkt. 66-2. Defendants excluded some time for parallel review (Dkt. 66-1 at ¶ 19), but those reductions do not establish that all remaining review time was necessary. Further, Defendants' own characterization of the Second Amended Complaint as "virtually identical" to a pleading whose claims had already been briefed calls for a closer examination of the 144.9 hours requested.

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

Accordingly, if the Court is inclined to award fees, Lost respectfully requests the Court reduce any excessive, redundant, or otherwise unnecessary hours and award only fees supported by reasonable rates.

## IV. CONCLUSION

Lost did not litigate in bad faith, pursue a frivolous theory, or abuse the discovery process. Defendants ask this Court to punish the ordinary conduct of a defeated plaintiff (amending a complaint, seeking discovery, and opposing dismissal) as though it were "exceptional" misconduct. It was not. For the foregoing reasons, Lost respectfully asks the Court to deny Defendants' Motion for Attorneys' Fees. In the alternative, Lost respectfully asks that any fee award be substantially reduced.

Dated: September 24, 2026

BREMER WHYTE BROWN & O'MEARA LLP

By: */S/ OLIVIA ZORAYAN*
Keith G. Bremer
Benjamin Price
Olivia Zorayan
Attorneys for Plaintiff
LOST INTERNATIONAL, LLC, a California limited liability company

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Lost International, LLC, certifies that this brief contains 2,558 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 24, 2026

By: */S/ OLIVIA ZORAYAN*
Olivia Zorayan

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000